C & O DEVELOPMENT COMPANY, PLAINTIFF v. AMERICAN ARBITRA-TION ASSOCIATION, DEFENDANT; G. J. HOPKINS, INCORPORATED, IN-TERVENOR; NELLO L. TEER COMPANY, INTERVENOR

No. 8011DC168

(Filed 2 September 1980)

1. Arbitration and Award § 5; Judgments § 37.4– subject matter to be arbitrated – prior binding judgment – authority of court to determine

It was within the authority of the trial court to determine whether the subject matter of a demand for arbitration had been previously litigated between the parties and reduced to a judgment binding on them.

2. Arbitration and Award § 5; Judgments § 37.4– arbitration of bonus claim barred by prior judgment

Arbitration of defendant's claim that it was entitled to a $100,000 bonus for completing electrical and mechanical work on a hotel in a timely and workmanlike manner was barred where a judgment in an earlier action between the same parties finally determined the issues asserted by defend-ant in its demand for arbitration.

APPEAL by defendant G. J. Hopkins, Inc. from *Pridgen, Judge.* Judgment entered 3 October 1979 in District Court, JOHNSTON County. Heard in the Court of Appeals 12 June 1980.

On 13 September 1978 Hopkins filed with defendant American Arbitration Association (AAA) and served notice upon plaintiff and Teer of its demand for arbitration pursuant to a contract between Teer and Hopkins. The purpose of the arbitration was to obtain payment of a $100,000 bonus which Hopkins alleged was owing to it under a contract with Teer. On 5 Janu-

ary 1979 C & O brought this action to enjoin the arbitration proceedings. Hopkins and Teer intervened as additional parties defendant.

Following extensive pretrial proceedings, the matter was heard by Judge Pridgen in the absence of a jury on 24 September 1979, and the court's judgment was entered 3 October 1979. Judge Pridgen's order contained extensive findings of fact relating to prior dealings between the parties and the record of events preceding the filing of Hopkins' demand for arbitration.

In summary, Judge Pridgen found that in September 1975, C & O entered into a contract to build a two-hundred room hotel for the government of Abu Dhabi, United Arab Emirates in the City of Abu Dhabi. On 5 September 1975 C & O contracted with Teer, as construction manager, to build the hotel. On 6 February 1976 Teer subcontracted with Hopkins to furnish labor and materials incident to the electrical and mechanical aspects of the hotel. The parties agreed that the contracts would be construed under the laws of the State of North Carolina. The subcontract between Teer and Hopkins provided that Hopkins would be paid all of its costs for labor and materials, plus ten percent overhead and ten percent profit, and that Hopkins would be entitled to a bonus of $100,000 on the condition that its work was completed in a timely and workmanlike manner. Under the contract between C & O and Teer, C & O was liable to Teer for any payment by Teer to Hopkins of a bonus upon completion of the work in a timely and workmanlike manner. The contracts between C & O and Teer and between Teer and Hopkins respectively provided for arbitration of disputes arising out of the construction project under the respective contracts. In the spring of 1976, Teer's involvement in the electrical and mechanical aspects of the project was phased out, and all dealings for those aspects of the project were subsequently handled directly between C & O and Hopkins. Hopkins submitted all statements of account to C & O for payment, and C & O made payments due directly to Hopkins. C & O and Hopkins dealt directly within the provisions of the subcontract with Teer, and C & O ceased dealing with Teer. During the construction of the hotel, C & O paid Hopkins the total sum of $1,220,158.23, its last payment being made on 3 October 1977. On

27 October 1977 Hopkins commenced a civil action in Roanoke County, Virginia alleging that C & O was indebted to Hopkins in the sum of $156,870.52 by virtue of an account stated arising out of its direct contractual dealings with C & O, the petition further alleging that none of the indebtedness had been paid.

Additionally, the trial court in the present case found that C & O, in its answer in the Virginia action, had contended that Hopkins' work was not done in a workmanlike fashion, that Hopkins had not performed its responsibilities in a timely manner, and that Hopkins was therefore not entitled to recovery. C & O further counterclaimed for losses and expenses incurred to repair and cure defective labor and materials furnished by Hopkins, in the total sum of $171,599. The Virginia suit was tried before a jury in July and August 1978. After the presentation of evidence, arguments of counsel and other instructions of the court, the jury returned a verdict in favor of Hopkins in the sum of $18,482.99 plus interest, and in favor of C & O upon its counterclaim in the sum of $7,500 plus interest. On 3 August 1978, upon Hopkins' motion to set aside the verdict the court entered final judgment in favor of Hopkins in the sum of $20,785.81 plus interest, and in favor of C & O in the sum of $7,500 plus interest. Neither Hopkins nor C & O appealed the Virginia judgment, and the judgment was paid in full by C & O.

The trial court entered judgment permanently restraining the AAA from conducting any further proceedings with respect to the demand for arbitration filed by Hopkins, restraining Hopkins from conducting any other arbitration proceedings arising out of the same claim for relief, and restraining Teer from initiating arbitration on its own behalf or in behalf of Hopkins arising out of the same claim for relief. From this judgment intervenor defendant Hopkins appeals.

*Mast, Tew, Nall & Lucas, P.A., by George B. Mast and Joseph T. Nall, for the plaintiff appellee.*

*Osterhoudt, Ferguson & Natt, P.A., Salem, Virginia, by Charles H. Osterhoudt, and Daughtry, Hinton, Woodard, Murphy & Ragland, P.A., by Stephen C. Woodard, Jr., for intervenor defendant G. J. Hopkins.*

WELLS, Judge.

[1]   The first issue we must resolve concerns the justiciability of the present action — whether the trial court had authority to enjoin arbitration on grounds of *res judicata* or collateral estoppel. Defendant argues that G.S. 1-567.3[1] limits the basis upon which a court may stay arbitration proceedings solely to the issue of whether a written agreement to arbitrate a particular dispute exists and that all other matters, including factual and legal issues, are the proper subject matter of the arbitration itself. It is defendant's position that the courts may determine

---

[1] G.S. 1-567.3 provides as follows:

Proceedings to compel or stay arbitration. — (a) On application of a party showing an agreement described in G.S. 1-567.2, and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration, but if the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to the determination of the issue so raised and shall order arbitration if found for the moving party, otherwise, the application shall be denied.

(b) On application, the court may stay an arbitration proceeding commenced or threatened on a showing that there is no agreement to arbitrate. Such an issue, when in substantial and bona fide dispute, shall be forthwith and summarily tried and the stay ordered if found for the moving party. If found for the opposing party, the court shall order the parties to proceed to arbitration.

(c) If an issue referable to arbitration under the alleged agreement is involved in an action or proceeding pending in a court having jurisdiction to hear applications under subsection (a) of this section, the application shall be made therein. Otherwise the application may be made in any court of competent jurisdiction.

(d) Any action or proceeding involving an issue subject to arbitration shall be stayed if an order for arbitration or an application therefor has been made under this section or, if the issue is severable, the stay may be with respect thereto only. When the application is made in such action or proceeding, the order for arbitration shall include such stay.

(e) An order for arbitration shall not be refused or a stay of arbitration granted on the ground that the claim in issue lacks merit or bona fides or because any fault or grounds for the claim sought to be arbitrated have not been shown.

Development Co. v. Arbitration Assoc.

any factual or legal issues involved only after the arbitration award has been entered. While we have found no cases in this State or other jurisdictions dispositive of this precise issue under the Uniform Act, it is our opinion that the extent of a judgment's binding effect is a matter for judicial determination. *Cf., Rembrandt Ind. v. Hodges Int.,* 38 N.Y. 2d 502, 381 N.Y.S. 2d 451, 344 N.E. 2d 383 (1976) (the scope of an arbitration award and its *res judicata* effect are issues properly determinable by the court and not the arbitrators); *accord, Weinberger v. Friedman,* 41 A.D. 2d 620, 340 N.Y.S. 2d 720 (1st Dep't 1973). We do not believe that in enacting the Uniform Act, the General Assembly intended to grant arbitrators the authority to determine the *res judicata* or collateral estoppel effect of a prior judgment. The arbitrability of various issues and disputes under the Uniform Act has, in general, been determined to be a matter for the courts to decide. *See, e.g., Ferris College v. Faculty Ass'n,* 72 Mich. App. 244, 249 N.W. 2d 375 (1976), *cert. denied,* 399 Mich. 861 (1977); *Layne-Minnesota Co. v. Regents of the University,* 266 Minn. 284, 123 N.W. 2d 371 (1963). We hold that it was within the authority of the trial court to determine whether the subject matter of the demand for arbitration had been previously litigated between the parties and reduced to a judgment binding upon them.

**[2]** Defendant also maintains that the arbitration here is not barred under the doctrine of *res judicata* or collateral estoppel because the issue in the proposed arbitration was not fully litigated and determined between the parties in the prior Virginia court proceedings. The basic principles of estoppel by judgment are succinctly set forth in *King v. Grindstaff,* 284 N.C. 348, 200 S.E. 2d 799 (1973). Estoppel by judgment arises when there has been a final judgment or decree, necessarily determining a fact, question or right in issue, rendered by a court of competent jurisdiction, and there is a later suit involving an issue as to the identical fact, question or right determined, involving identical parties or parties in privity with a party or parties to the prior suit. Such a judgment operates as an estoppel not only as to the issues actually reduced to judgment in the former proceeding, but also as to all issuable matters contained in the pleadings, including all material and relevant matters within the scope of the pleadings, which the parties, in the exercise of reasonable

diligence, could and should have brought forward. *Brondum v. Cox*, 292 N.C. 192, 232 S.E. 2d 687 (1977); *Bruton v. Light Co.*, 217 N.C. 1, 6 S.E. 2d 822 (1940). Issues which could have been litigated in the prior suit but were not are said to be "merged" into the prior judgment. *Behr v. Behr*, 46 N.C. App. 694, 266 S.E. 2d 393 (1980). Similarly, a party to a judgment is barred from litigating or relitigating issues in an arbitration proceeding which are raised or could have been raised in the prior action. *Cf.*, Domke on Commercial Arbitration, § 39.04, pp. 338-339 (1968) (prior arbitration award constitutes a bar to subsequent suit or arbitration arising out of the same cause of action or dispute). Judge Pridgen found that the same issues asserted in the demand for arbitration were asserted by Hopkins in the prior Virginia court proceeding and were fully determined there. The evidence clearly supports this finding and we are therefore bound by it. *Henderson County v. Osteen*, 297 N.C. 113, 254 S.E. 2d 160 (1979).

Upon his findings, Judge Pridgen correctly concluded that the parties in this action and in the demand for arbitration are the same or were in privity with the parties in the Virginia action, that the judgment in that action finally determined the issues between the parties asserted by Hopkins in its demand for arbitration, and that Hopkins is barred by that judgment from proceeding further in its demand for arbitration.

Affirmed.

Chief Judge MORRIS and Judge VAUGHN concur.