Crutchley v. Crutchley

JENNE EDER CRUTCHLEY v. WILLIAM F. CRUTCHLEY

No. 10PA82

(Filed 3 August 1982)

**Arbitration § 1; Divorce and Alimony §§ 16, 22, 29— disputes concerning alimony, custody and child support—arbitration**

In the absence of court proceedings, parties may settle their disputes as to alimony, custody and child support by arbitration, but once the issues are brought into court, the court may not delegate its duty to resolve those issues to arbitration. Further, while provisions of a valid arbitration award concerning alimony may by agreement be made binding on the parties and nonmodifiable by the courts, provisions of the award concerning custody and child support continue to be within the court's jurisdiction and are modifiable pursuant to G.S. 50-13.7.

Justice CARLTON concurs in the result.

Justice MARTIN took no part in the consideration or decision of this case.

ON plaintiff's petition for discretionary review of the decision of the Court of Appeals reported at 53 N.C. App. 732, 281 S.E. 2d

744 (1981), affirming the trial court's dismissal of plaintiff's motion in the cause.

*Haywood, Denny & Miller by George W. Miller, Jr., for the plaintiff-appellant.*

*White, Hall, Mullen, Brumsey & Small by Gerald F. White and Jennette, Morrison & Austin by John S. Morrison, for the defendant-appellee.*

MEYER, Justice.

The issue before this Court is whether an arbitration award, made pursuant to court-ordered arbitration with consent of the parties, for alimony, custody, and child support in a divorce proceeding is binding and nonmodifiable. We hold that such an award is void *ab initio* as the trial court has no authority to order arbitration.

The record reveals that plaintiff and defendant were married on or about 5 September 1959. Three children were born of the marriage, Rebecca Jane on 3 August 1962, Anna Louise on 3 October 1967, and William Frederick III, on 8 July 1972. On 22 March 1976, Mrs. Crutchley filed suit for, *inter alia*, divorce from bed and board, alimony pendente lite, permanent alimony, custody of the three children and child support. In answer, the defendant denied plaintiff's alleged grounds for divorce from bed and board, and prayed for custody of the children and dismissal of plaintiff's action.

On 18 October 1976, District Court Judge Beaman filed a CONSENT ORDER appointing Dr. B. C. West, Jr. as arbitrator in the cause, to be "guided by the following procedure:"

> (a) He shall review the pleadings appearing in this cause in order to familiarize himself with the contentions of the parties.

> (b) The arbitrator's report in this case shall be final and binding on all parties.

> (c) The arbitrator shall file his report in the office of the Clerk of Superior Court of Pasquotank County within a reasonable time after he has had opportunity to make a review and study of the matter.

(d) The arbitrator shall have full power and authority to require each of the parties to appear before him as he may deem advisable, to offer to him such evidence as he deems necessary, including documents, reports, checks, bookkeeping entries; income tax returns, and any and all other evidence that the parties desire to present to said arbitrator, and further including oral evidence that said parties desire to present to said arbitrator, it being the intent and purpose hereof that the said arbitrator shall have the opportunity to receive and consider, and the parties shall have the opportunity to present to the arbitrator, full and complete evidence pertaining to the case. The arbitrator shall interview any witnesses which the parties may bring before him and consider all other relevant evidence, and he shall have full subpoena power.

(e) The arbitrator is authorized and empowered to interview the parties, their witnesses, and review their documentary and oral evidence in conference, in an informal manner, open and formal hearing not being necessary.

2. It is the intent and purpose hereof that the said arbitrator is fully authorized and empowered to bring this controversy to a conclusion and, as aforesaid, his report shall constitute the final and binding decision with respect to this case.

3. After filing his report, the arbitrator shall suggest to the Court the amount of his compensation and a determination with respect to same shall be made by the Court.

On 1 December 1977, Dr. West entered an AWARD OF ARBITRATOR disposing of the issues of custody and visitation, child support, alimony, property distribution, and arbitrator's and attorney's fees. Pursuant to defendant's motion, on 1 December 1977, the district court confirmed the award and ordered the case removed from the docket "as having been settled by arbitration."

On 30 November 1978, plaintiff filed motions in the cause for modification of the judgment confirming the award to increase the amount of alimony and child support and to strike that por-

tion of the award which conditioned payment of alimony upon the plaintiff's abstention from cohabitation. In reply, the defendant requested that plaintiff's motion be dismissed and that the arbitration award remain in its present status as the final and binding agreement between the parties. The motion was heard on 21 July 1980 by Judge Beaman. By order entered in open court on that date, and signed with consent of counsel out of term on 11 August 1980, he ruled that "(1) plaintiff's motion in the cause should be denied; (2) the arbitrator's award is binding, and (3) the remedy of motion in the cause is not available to the plaintiff." In view of the ruling, he "concluded that it was unnecessary to hear any evidence in support of said motions," and denied and dismissed plaintiff's motions.

The plaintiff excepted to the entry of the order and appealed to the Court of Appeals. That court ruled that the only question before it was the validity and effect of the portion of the arbitrator's award concerning support of the plaintiff-appellant. The court then held that the issue of spousal support is arbitrable; the arbitrator's award is binding; and the court cannot modify the award without the consent of the parties.

Plaintiff's petition for discretionary review by this Court was allowed on 14 January 1982. Plaintiff subsequently filed with this Court a motion to amend the assignment of error[1] so that there can be no question that included within the scope of review to be undertaken by this Court is the question of the arbitrability of and subsequent modifications of awards for child support. That motion is hereby allowed.

The plaintiff contends that the trial court erred in ruling that the remedy of motion in the cause is not available to her. She argues that binding and nonmodifiable arbitration of domestic disputes is not available in the courts of this State and requests this Court to declare that such arbitration is against public policy.

---

1. Plaintiff's assignment of error reads as follows:

That the Court below committed error in dismissing the plaintiff's motions in the cause for the reason that the arbitrator's award entered on December 1, 1977, and the subsequent order of the Court confirming said award dated December 1, 1977, on its face failed to comply with the procedure in actions for alimony and alimony *pendente lite* as provided by G.S. 50-16.8(f) and for the further reason that all of said orders are subject to modification as provided by G.S. 50-16.9(a).

The defendant argues that since the Legislature did not exclude domestic disputes from the Act which provides a comprehensive procedure for the arbitration of "any controversy," the arbitration statute may be utilized for the resolution of domestic disputes (the Uniform Arbitration Act, 1973 N.C. Sess. Laws, ch. 676); that contrary to being against the public policy of this State, arbitration provides highly desirable benefits; and that since parties can enter into a valid binding agreement with respect to alimony, not modifiable without the consent of both parties, it would be illogical to rule that they may not enter into a binding agreement to abide by the decision of the arbitrator here on the issue of alimony.

While we cannot agree with the plaintiff that arbitration of domestic disputes is against public policy, we do agree that binding arbitration is not available in this State *by court order* in a civil action for alimony, custody and child support. We hold that while in the absence of court proceedings, parties may settle their disputes by arbitration, once the issues are brought into court, the court may not delegate its duty to resolve those issues to arbitration. Further, while provisions of a valid arbitration award concerning alimony may by agreement be made binding on the parties and nonmodifiable by the courts, provisions of the award concerning custody and child support continue to be within the court's jurisdiction and are modifiable pursuant to G.S. § 50-13.7.

In 1973, the Legislature enacted the Uniform Arbitration Act. 1973 N.C. Sess. Laws, ch. 676. It provides that parties may *agree in writing to submit to arbitration* "any controversy" then existing between them or include in any written contract a provision for settlement by arbitration of "any controversy" arising between them relating to the contract or nonperformance thereof. Such agreement or provision is valid, enforceable and irrevocable except with the consent of the parties, without regard to the justiciable character of the controversy. G.S. § 1-567.2 (1981 Cum. Supp.) The Act provides only two exceptions to which it will not apply: (1) any agreement or provision to arbitrate in which it is stipulated that it will not apply and (2) arbitration agreements between employers and employees or between their respective representatives, unless the agreement provides that it will apply. Since the Legislature did not exempt domestic relations disputes

from coverage by the Act, we find no legislative expression therein that arbitration of such disputes is against public policy.

The advantages of arbitration of domestic disputes have been expounded by commentators. *See* Holman & Noland, Agreement and Arbitration: Relief to Over-Litigation in Domestic Relations Disputes in Washington, 12 Williamette L. J. 527 (1976); Spencer & Zammit, Mediation—Arbitration: A Proposal for Private Resolution of Disputes Between Divorced or Separated Parents, 1976 Duke L. J. 911; Comment, The Enforceability of Arbitration Clauses in North Carolina Separation Agreements, 15 Wake Forest L. Rev. 487 (1979). Note, Family Law—Modifying Arbitrator's Awards—a Nod to "Judges of the Parties' Own Choosing," 4 Campbell L. Rev. 203 (1981). Often mentioned as advantages are reduced court congestion, the opportunity for resolution of sensitive matters in a private and informal forum by self-chosen judges, speed, economy and finality. Of course, arbitration also has its disadvantages, the major one being the limited appellate review available to the parties.[2] Intertwined with this is the disadvantage that the arbitrator is bound by neither substantive law nor rules of evidence. As stated by this Court long ago:

> A mistake committed by an arbitrator is not of itself sufficient ground to set aside the award. If an arbitrator makes a mistake, either as to law or fact, it is the misfortune of the party, and there is no help for it. There is no right of appeal, and the Court has no power to revise the decisions of 'judges who are of the parties' own choosing.' An award is intended to settle the matter in controversy and thus save the expense of litigation. If a mistake be a sufficient ground for setting aside an award, it opens a door for coming into court in almost every case; for in nine cases out of ten some mistake either of law or fact may be suggested by the dissatisfied party. Thus the object of references would be defeated and arbitration instead of ending would tend to increase litigation.

*Patton v. Garrett,* 116 N.C. 848, 858, 21 S.E. 679, 682-83 (1895).

---

2. G.S. §§ 1-567.13 and 1-567.14 provide the exclusive grounds and procedures for vacating, modifying, or correcting an award.

With regard to alimony, we find that in light of the fact that the right of a dependent spouse to support and maintenance is a property right which can be released by contract, the advantages to binding and nonmodifiable arbitration outweigh its disadvantages. *See Kiger v. Kiger,* 258 N.C. 126, 128 S.E. 2d 235 (1962). Parties to a divorce may enter into a valid agreement settling the question of alimony, and unless the court then orders alimony to be paid, the terms of the agreement are binding and can only be modified by the consent of both parties. *See Rowe v. Rowe,* 305 N.C. 177, 287 S.E. 2d 840 (1982); *Bunn v. Bunn,* 262 N.C. 67, 136 S.E. 2d 240 (1964); G.S. § 50-16.9 (1976); G.S. §§ 52-10, 52-10.1 (1981 Cum. Supp.). *See also White v. White,* 296 N.C. 661, 252 S.E. 2d 698 (1979) (Periodic support payments are also not modifiable if they and other provisions for a property division between the parties constitute reciprocal consideration for each other.). Since the parties may settle spousal support by agreement, there exists no prohibition to their entering into binding arbitration under G.S. §§ 1-567.1-.20 to settle the issue of spousal support.

On the other hand, while there also exists no prohibition to the parties settling the issues of custody and child support by arbitration, the provisions of an award for custody or child support will always be reviewable and modifiable by the courts. It is a well-established rule in this jurisdiction that parents cannot by agreement deprive the court of its inherent and statutory authority to protect the interests of their children. *Williams v. Williams,* 261 N.C. 48, 134 S.E. 2d 227 (1964); *Fuchs v. Fuchs,* 260 N.C. 635, 133 S.E. 2d 487 (1963); *Kiger v. Kiger,* 258 N.C. 126, 128 S.E. 2d 235. Further, a court order pertaining to custody or support of a minor child does not finally determine the rights of the parties as to these matters. Instead, such an order "may be modified or vacated at any time, upon motion in the cause and a showing of changed circumstances by either party or anyone interested." G.S. § 50-13.7(a) (1981 Cum. Supp.) *In re Peal,* --- N.C. ---, 290 S.E. 2d 664 (1982). *Tucker v. Tucker,* 288 N.C. 81, 216 S.E. 2d 1 (1975).

While the amount of child support agreed on by parties to a separation agreement is presumed, in the absence of contrary evidence, to be just and reasonable, it remains within the authority of the courts pursuant to Chapter 50 to order payments for support "in such amount as to meet the reasonable needs of the child for health, education, and maintenance, having due regard to

the estates, earnings, conditions, accustomed standard of living of the child and the parties, the child care and homemaker contributions of each party, and other facts of the particular case." G.S. § 50-13.4(c) (1981 Cum. Supp.); *Fuchs v. Fuchs*, 260 N.C. 635, 133 S.E. 2d 487. The same reasoning applies to an arbitration award concerning child support.

Just as parents cannot by agreement deprive the courts of their duty to promote the best interests of their children, they cannot do so by arbitration. Those provisions of an arbitration award concerning custody and child support, like those provisions in a separation agreement, will remain reviewable and modifiable by the court. With regard to these issues, the need for the court to protect the welfare of children outweighs the advantages of arbitration.

In the case before us, if the parties had not come into court and asked the court to resolve their disputes, or if they had had the court action dismissed prior to arbitration, there would have existed no prohibition to their voluntary agreement to arbitrate the issues. Once a civil action has been filed and is pending, the court has no authority to order, even with the parties' consent, binding arbitration. Ordinarily, with the parties' consent, the judge can refer these issues to a referee. G.S. § 1A-1 Rule 53(a)(1) provides, however, that a reference cannot be made in "actions to annul a marriage, actions for divorce, actions for divorce from bed and board, actions for alimony without the divorce or actions in which a ground of annulment or divorce is in issue." The question of whether compulsory reference under Rule 53 is available is not before us.

Since the judgment ordering arbitration was void *ab initio*, the court should have heard evidence in support of plaintiff's motion in the cause as the issues of alimony and child support were still before the court. The decision of the Court of Appeals is reversed and the case is remanded to that court for further remand to the District Court, Pasquotank County, for further proceedings consistent with this opinion.

Reversed and remanded.

Justice MARTIN took no part in the consideration or decision of this case.

Justice CARLTON concurs in the result.