CYCLONE ROOFING COMPANY, INC. v. DAVID M. LaFAVE COMPANY, INC. AND JOSEPH C. FRYE AND EMMA GRAY FRYE v. DAVID M. LaFAVE

No. 8226DC1229

(Filed 20 March 1984)

**Arbitration and Award § 2; Rules of Civil Procedure § 38— demand for jury trial— agreement to arbitrate—order requiring arbitration void**

Where appellee LaFave Co. and appellants Frye had filed cross-claims against each other and both demanded a jury trial, the trial court erred in allowing appellee LaFave Co.'s motion to stay litigation pending arbitration pursuant to an arbitration agreement contained in their contract since, after originally filing a claim of lien, appellant invoked the jurisdiction of the court by filing a cross-claim against appellant, and demanding a jury trial. At that time a civil suit was filed and pending, and the court could not thereafter order arbitration, particularly over the objection of one of the parties. The court had authority to determine that the parties had waived arbitration, and its failure to so find was error. G.S. 1-567.3(a) and G.S. 1A-1, Rule 13(g).

Chief Judge VAUGHN dissenting.

APPEAL by defendants-third party plaintiffs from *Grist, Judge.* Judgment entered 25 June 1982 in Superior Court, MECK-LENBURG County. Heard in the Court of Appeals 19 October 1983.

By contract dated 2 May 1978, Dr. and Mrs. Frye ("the Fryes") engaged the services of LaFave Company ("LaFave Co.") to build a home. David M. LaFave ("LaFave") is the president of LaFave Co. The contract price was $191,000; the contract called for completion of the home within twelve months.

Disagreements soon arose between the Fryes and LaFave Co./LaFave over the progress of the work, the quality of the supervision exercised by LaFave at the job site, the installation

of fixtures and flooring, and virtually every other aspect of the job. The relationship deteriorated, and in July 1979 the Fryes retained counsel. On the advice of counsel the Fryes instructed the mortgage lender to make no further payments to the contractor effective 3 August 1979. Further negotiations produced no agreement and LaFave notified the Fryes that he was ceasing activity on the job on 12 September 1979. Thereafter, the Fryes had the house completed at a total actual cost of approximately $220,000. The Fryes and LaFave continued to correspond in an attempt to resolve their outstanding differences. On 18 October 1979, counsel for LaFave Co. and LaFave wrote to counsel for the Fryes, indicating that LaFave Co. had filed a claim of lien in this matter. Neither side demanded arbitration in accordance with the contract during this entire period.

On 5 March 1980, the original plaintiff, Cyclone Roofing Company ("Cyclone"), which had subcontracted with LaFave Co., filed this suit in Mecklenburg County District Court against both the Fryes and LaFave Co. Cyclone later took a voluntary dismissal and is no longer involved in this litigation. On 7 July 1980, LaFave Co. filed an answer to the Cyclone complaint and a cross-claim against the Fryes. The cross-claim alleged performance by LaFave Co. of its duties under the contract and a balance owing of $47,449.27, consisting of $38,723.66 for services rendered and $8,725.61 as the unpaid portion of the contractor's fee. The cross-claim contained a demand for a jury trial. On 9 July 1980, the Fryes filed an answer to the Cyclone complaint and a cross-claim against LaFave Co. The cross-claim alleged various breaches by the Company and damages of $50,000. This filing also included a third-party complaint against David M. LaFave individually, alleging causes of action against him for negligence and breach of promise and resultant damages of $50,000. The Fryes also demanded a jury trial. On 14 July 1980, the Fryes replied to the LaFave Co. cross-claim, denying that the Company had performed its duties and that any balance was due. None of these pleadings included any demand for arbitration. On 11 August 1980, LaFave Co. and LaFave individually filed an answer to the cross-claim and third-party complaint, denying any breach of negligence. The answer also alleged that the underlying agreement was subject to mandatory arbitration. The same day LaFave Company and La-

Fave filed a motion to stay litigation pending arbitration. The Fryes opposed the motion.

On 30 October 1980, the District Court, Mecklenburg County, Brown, Judge, ordered a stay of litigation between LaFave Co. and the Fryes pending arbitration, and in its discretion ordered a stay of the action against LaFave individually on the ground that the arbitration would effectively resolve the matter. The court ordered that the Fryes and LaFave Co. proceed to arbitration in accordance with the contract. This order was appealed by the Fryes, and the appeal was dismissed by this Court 30 April 1981. The case was subsequently and properly transferred to the Superior Court, Mecklenburg County.

The parties proceeded to arbitration. After an initial award by the architect in favor of the Fryes, a second arbitrator made an award in favor of LaFave Co. on 6 January 1982. Thereafter, the court confirmed the second award on 25 June 1982, and entered judgment accordingly in favor of LaFave Co. in the amount of $37,094.27. From this order and judgment the Fryes appeal. In addition, they renew their appeal from the order directing arbitration.

*Mraz, Michael & Boner, P.A., by Mark A. Michael, for defendant-third-party plaintiff-appellants Frye.*

*Horack, Talley, Pharr & Lowndes, P.A., by Susan Christman, for defendant-appellee LaFave Co.*

JOHNSON, Judge.

This appeal is interlocutory since the Fryes' claim against LaFave individually remains to be adjudicated. If, however, the Fryes were eventually to prevail on appeal of the claim against LaFave Co. following trial against LaFave, there is a possibility of conflicting verdicts at a second trial, especially in view of the close relationship between LaFave Co. and LaFave. Therefore, the order of 25 June 1982 affects a substantial right and is immediately appealable. G.S. 1-277; G.S. 7A-27(d); *Bernick v. Jurden,* 306 N.C. 435, 293 S.E. 2d 405 (1982).

By the time the demand for arbitration was finally made in this case, both appellee LaFave Co. and appellants Frye had answered the Cyclone complaint and filed cross-claims against

each other. Appellants had answered appellee's claim. Thus, a civil suit was filed and pending, *see McDowell v. Blythe Brothers Co.*, 236 N.C. 396, 72 S.E. 2d 860 (1952), and the court could not thereafter order arbitration, even with the consent of both parties. *Crutchley v. Crutchley*, 306 N.C. 518, 293 S.E. 2d 793 (1982).

> [I]f the parties had not come into court and asked the court to resolve their disputes, or if they had had the court action dismissed prior to arbitration, there would have existed no prohibition to their voluntary agreement to arbitrate the issues. Once a civil action has been filed and is pending, the court has no authority to order, even with the parties' consent, binding arbitration.

*Id.* at 525, 293 S.E. 2d at 798. Therefore, the *Crutchley* court held that the arbitration order was void *ab initio. Id.*

Here, after originally filing a claim of lien, appellee invoked the jurisdiction of the court by filing a cross-claim against appellants, and demanding a jury trial. Appellee was under no compulsion to do so; under the Rules of Civil Procedure, such a claim was permissive rather than compulsory. G.S. 1A-1, Rule 13(g); *see Peterson v. Watt*, 666 F. 2d 361 (9th Cir. 1982), *and* 3 Moore's Federal Practice § 13.34[1] (construing identical federal rule as entirely permissive). Appellants also filed a claim and demanded a jury trial. Under North Carolina law, this conduct on the part of both parties evinces the election of a legal forum and constitutes waiver of the arbitration provision as a matter of law. *See Hargett v. Delisle*, 229 N.C. 384, 49 S.E. 2d 739 (1948) (once the parties have invoked the jurisdiction of the court by complaint and responsive pleadings, the court may not order them to arbitrate pursuant to prior agreement). Therefore, the court could not order arbitration in this case, particularly over the objection of one of the parties. *Crutchley v. Crutchley, supra.*

Appellee's argument that upon proof of arbitration agreement the court "has *no* alternative" but to order arbitration under G.S. 1-567.3(a)[1] has already been rejected by this Court.

---

1. The section states in full:

   (a) On application of a party showing an agreement described in G.S. 1-567.2; and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration, but if the opposing party denies the

*Development Co. v. Arbitration Assoc.*, 48 N.C. App. 548, 269 S.E. 2d 685 (1980), *disc. review denied,* 301 N.C. 719, 274 S.E. 2d 227 (1981) (court has authority to determine preliminary questions of *res judicata*). It follows that the court also has authority to determine the preliminary question of waiver. The decisions of other jurisdictions which have adopted the Uniform Arbitration Act support this interpretation. *See e.g. Brothers Jurewicz, Inc. v. Atari, Inc.*, 296 N.W. 2d 422 (Minn. 1980) (court to rule on waiver defenses based on activity before it); *Tumim v. Palefsky,* 7 Mass. App. 847, 384 N.E. 2d 1253 (1979) (arbitration clause not jurisdictional). Therefore, the court had authority to determine that the parties had waived arbitration, and its failure to so find was error.

Since the order confirming the arbitration award must be vacated, we need not consider appellants' second assignment of error. The case is remanded for further proceedings consistent with this opinion.

Vacated and remanded.

Judge WELLS concurs.

Chief Judge VAUGHN dissents.

Chief Judge VAUGHN dissenting.

In view of the policy underlying the recently adopted Uniform Arbitration Act, G.S. 1-567.1, *et seq.*, favoring arbitration as a means of dispute resolution, I respectfully dissent.

The parties here contractually agreed to resolve disputes through arbitration. Such agreement was valid, enforceable and irrevocable. G.S. 1-567.2; *see Sims v. Ritter Construction, Inc.,* 62 N.C. App. 52, 302 S.E. 2d 293 (1983). Waiver of such an agreement is not to be lightly inferred. *In re Mercury Const. Corp.,* 656 F. 2d 933, *reh. denied,* 664 F. 2d 936 (4th Cir. 1981), *affirmed,* --- U.S. ---, 103 S.Ct. 927, 74 L.Ed. 2d 765 (1983). After reviewing the record, I do not believe that appellee, LaFave Company, waived its right to arbitration.

existence of the agreement to arbitrate, the court shall proceed summarily to the determination of the issue so raised and shall order arbitration if found for the moving party, otherwise, the application shall be denied.

I do not agree with the majority herein that participation in litigation constitutes an automatic waiver of a contractual right to arbitration. Rather, to find such a waiver, I would require, as have many other jurisdictions, not only participation in litigation or other action inconsistent with the right to arbitration, but also prejudice to the party opposing the motion for arbitration. *See e.g., Charter Air Center v. Florida P.S.C.*, 503 F. Supp. 243 (N.D. Fla. 1980); *Weight Watch. of Quebec Ltd. v. Weight W. Int., Inc.*, 398 F. Supp. 1057 (E.D.N.Y. 1975); *Brothers Jurewicz, Inc. v. Atari, Inc.*, 296 N.W. 2d 422 (Minn. 1980).

I would, thus, find a waiver of arbitration rights in these situations:

(1) When the parties have contractually agreed to arbitrate their disputes, but then pursue an action in court, with *neither* party referring to their previous arbitration agreement. *See Hargett v. Delisle*, 229 N.C. 384, 49 S.E. 2d 739 (1948).

(2) When a civil suit is already filed and pending at the time the parties enter into an agreement to arbitrate their dispute. *See Crutchley v. Crutchley*, 306 N.C. 518, 293 S.E. 2d 793 (1982).

(3) When, although the parties have previously agreed to arbitration, one party takes action (i.e. substantially participates in a civil suit) which are inconsistent with his right to arbitration and the other party is prejudiced thereby.

I find no prejudice to appellees, the Fryes, resulting from appellant LaFave Company's actions in this case. On 5 March 1980, the subcontractor, who is no longer a party, instituted action against both parties herein. On 7 July 1980, appellant answered and cross-claimed against the appellees. Approximately one month later, on 11 August 1980, appellant moved to stay litigation pending arbitration. Since I do not believe the litigation had been pursued enough to cause prejudice to the appellees, I would affirm the trial court order directing the parties to proceed to arbitration.