CYCLONE ROOFING COMPANY, INC., PLAINTIFF v. DAVID M. LAFAVE COMPANY, INC., DEFENDANT, AND JOSEPH C. FRYE AND EMMA GRAY FRYE, DEFENDANTS AND THIRD-PARTY PLAINTIFFS v. DAVID M. LAFAVE, THIRD-PARTY DEFENDANT

No. 181A84

(Filed 6 November 1984)

**1. Arbitration and Award § 2— waiver of agreement to arbitrate—filing pleadings and informally negotiating—not sufficient**

Where a construction contract contained an arbitration agreement, a party to the contract did not waive its right to arbitrate by filing pleadings concerning a dispute arising from the contract and by negotiating informally for two years in an effort to come to agreement. A court must order arbitration on motion of a party to a contract as long as the requirements of the Uniform Arbitration Act, G.S. 1-567.1 to .20, have been met and an order compelling arbitration would not prejudice a party to the contract who opposes the motion.

**2. Arbitration and Award § 2— agreement to arbitrate—enforcement after pleadings filed—no prejudice to opposing party**

There was nothing indicating that the party opposing arbitration would be prejudiced by having to arbitrate where, during the time between the filing of a crossclaim by the favoring party and the date it moved for arbitration, no motions were filed, apparently no discovery was conducted, no evidence concerning the matters at issue was lost, and there was no evidence that the opposing party had incurred substantial expenses in preparation for litigation.

**3. Arbitration and Award § 7— confirmation of award by superior court—proper**

The superior court properly confirmed the award of the arbitrator where there were no evident mathematical errors, errors relating to form, or errors evidencing that the arbitrator exceeded his powers. G.S. 1-567.12 through .14.

APPEAL of right by defendant David M. LaFave Company, Inc., pursuant to N.C.G.S. 7A-30(2), from the decision of a divided panel of the Court of Appeals, 67 N.C. App. 278, 312 S.E. 2d 709 (1984), which vacated and remanded an order entered by *Grist, J.,* at the 21 June 1982 session of Superior Court, MECKLENBURG County. Heard in the Supreme Court 10 October 1984.

*Horack, Talley, Pharr & Lowndes, P.A., by Robert C. Stephens and Susan Christman, for David M. LaFave Company, Inc., appellant.*

*Mraz and Boner, by John A. Mraz and Richard D. Boner, for Joseph C. Frye and Emma Gray Frye, appellees.*

MARTIN, Justice.

By contract dated 2 May 1978 Joseph C. Frye, Jr. and Emma Gray Frye (Fryes) engaged the services of David M. LaFave Company (LaFave Company) to build a house. David M. LaFave (LaFave) is president of LaFave Company. The contract price of $191,000 included a contractor's fee of $20,000, and the contract specified that construction of the house was to be completed by 15 May 1979.

During construction of the house disagreements arose among the parties concerning progress of the work, quality of worksite supervision, installation of fixtures and flooring, and other aspects of construction. Negotiations between counsel for each of the parties failed to resolve the dispute satisfactorily, and on 24 September 1979 LaFave Company notified the Fryes that it was ceasing work under the contract. On 18 October 1979 LaFave Company filed a claim of lien against the property. Thereafter the Fryes spent more than $60,000 to complete the house and correct defective work. While this further construction was being carried out, counsel for the Fryes and LaFave Company continued to correspond, trying to resolve outstanding differences in the parties' contentions. Although the contract between the Fryes and LaFave Company provided for arbitration of problems arising out of the contract, neither side demanded arbitration while these negotiations were going on.

On 5 March 1980 Cyclone Roofing Company, Inc. (Cyclone), a subcontractor of LaFave Company, filed this action against

LaFave Company and the Fryes in Mecklenburg County District Court. On 7 July 1980 LaFave Company answered the complaint and crossclaimed against the Fryes for breach of the construction contract. The crossclaim alleged that LaFave Company had performed its duties under the contract and that the Fryes owed the company a balance of $47,449.27. The crossclaim included a demand for jury trial. On 9 July 1980 the Fryes filed an answer to the Cyclone complaint and a crossclaim against LaFave Company. The Fryes' crossclaim alleged that LaFave Company breached the contract, causing damages of $50,000. The Fryes' answer also included a third-party claim against LaFave individually, alleging negligence resulting in damages of $50,000. The Fryes demanded a jury trial. On 14 July 1980 the Fryes answered the LaFave Company crossclaim, denying that the company had performed under the contract and denying that any balance was due. On 11 August 1980 LaFave Company and LaFave filed an answer to the Fryes' crossclaim and third-party complaint, alleging for the first time that the dispute between the parties was subject to mandatory arbitration pursuant to the contract. On the same date LaFave Company and LaFave individually also filed a motion to stay litigation pending arbitration. The Fryes filed affidavits and a memorandum in opposition to this motion, denying that arbitration was mandatory and that it was the exclusive remedy for resolving disputes under the contract. The Fryes also contended that LaFave Company had waived any right to demand arbitration.

On 18 November 1980 District Court Judge L. Stanley Brown entered an order staying litigation between LaFave Company and the Fryes while they arbitrated their differences in accordance with the terms of the contract. In its discretion the court also stayed litigation between the Fryes and LaFave individually pending the outcome of arbitration between the Fryes and LaFave Company. The Fryes appealed the district court's order that they proceed to arbitration; this appeal was dismissed by the Court of Appeals. On 24 November 1980 the case was properly transferred to the Mecklenburg County Superior Court.[1]

1. By this time Cyclone had been dismissed from the case, and it is no longer involved in this suit.

Cyclone Roofing Co. v. LaFave Co.

In accordance with the contract, LaFave Company and the Fryes first submitted their dispute to the architect of the project. The architect determined that the Fryes had not breached the construction contract and ordered that because of LaFave Company's breach, LaFave Company was to pay the Fryes $32,500.01.[2] Pursuant to the contract, LaFave Company appealed this award to an arbitrator, and arbitration was conducted under the Construction Industry Arbitration Rules of the American Arbitration Association. The arbitrator ordered the Fryes to pay LaFave Company $37,094.27, without any offset for the amount awarded to the Fryes by the architect.

Pursuant to N.C.G.S. 1-567.12, LaFave Company properly applied for confirmation of this award by the superior court. Upon motion of the Fryes the superior court ordered the arbitrator to clarify his award. After reviewing the arbitrator's clarification of his findings, calculations, and conclusions, the superior court confirmed the award. From this order and judgment the Fryes appealed to the Court of Appeals. N.C. Gen. Stat. § 1-567.18(a)(3) (1983). They also renewed their appeal from the order of the district court directing the parties to pursue arbitration under the contract. A divided panel of the Court of Appeals vacated the award of the arbitrator, holding that the district court erred in ordering arbitration. LaFave Company appealed the decision of the Court of Appeals to this Court pursuant to N.C.G.S. 7A-30(2). LaFave Company's petition for discretionary review of the question whether the superior court erred by confirming the arbitration award was allowed 6 July 1984.

[1] We now turn to an analysis of the questions arising upon the foregoing facts. The first issue for consideration is whether the Court of Appeals erred in holding that as a matter of law both parties waived the arbitration agreement contained in the construction contract. We hold that the court did so err, and we reverse.

N.C.G.S. 1-567.2(a) provides:

---

2. We note that the contract provides: "The Architect will be the Owner's representative during construction and until final payment. . . . The Architect will advise and consult with the Owner, and all of the Owner's instructions to the Contractor shall be issued through the Architect."

Two or more parties may agree in writing to submit to arbitration any controversy existing between them at the time of the agreement, or they may include in a written contract a provision for the settlement by arbitration of any controversy thereafter arising between them relating to such contract or the failure or refusal to perform the whole or any part thereof. Such agreement or provision shall be valid, enforceable, and irrevocable except with the consent of all the parties, without regard to the justiciable character of the controversy.

The contract between the Fryes and LaFave Company contained a provision stating that if any dispute arose between the parties it would first be submitted for decision to the architect for the project. After the architect rendered a decision, the claim or dispute involved "shall be subject to arbitration upon the written demand of either party." Under N.C.G.S. 1-567.2(a) this provision was enforceable and irrevocable except with the consent of both the Fryes and LaFave Company.

N.C.G.S. 1-567.3(a) provides in pertinent part that "[o]n application of a party showing an agreement described in G.S. 1-567.2; and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration. . . ." N.C.G.S. 1-567.3(c) provides in part that "[i]f an issue referable to arbitration under the alleged agreement is involved in an action or proceeding pending in a court having jurisdiction to hear applications under subsection (a) of this section, the application shall be made therein." Under these statutes LaFave Company properly applied to the District Court of Mecklenburg County for an order directing arbitration. In opposition to LaFave Company's motions the Fryes alleged that LaFave Company had waived its right to arbitrate by having filed pleadings concerning the dispute and by having negotiated informally for two years in an effort to come to agreement. We agree with the district court that by these actions LaFave Company did not waive its right to have the controversy arbitrated. *See, e.g., ATSA of California, Inc. v. Continental Ins. Co.,* 702 F. 2d 172 (9th Cir. 1983). *See generally* Annot., 98 A.L.R. 3d 767, 781-93 (1980 & Supp. 1984). The court properly ordered the parties to arbitrate under the terms of the contract.

Waiver of a contractual right to arbitration is a question of fact. *E.g., Davis v. Blue Cross of Northern California,* 25 Cal. 3d 418, 158 Cal. Rptr. 828, 600 P. 2d 1060 (1979); *Doers v. Golden Gate Bridge Etc. Dist.,* 23 Cal. 3d 180, 151 Cal. Rptr. 837, 588 P. 2d 1261 (1979). Because of the strong public policy in North Carolina favoring arbitration, *see* N.C. Gen. Stat. § 1-567.3 (1983); *Thomas v. Howard,* 51 N.C. App. 350, 355-56, 276 S.E. 2d 743, 747 (1981), courts must closely scrutinize any allegation of waiver of such a favored right. *See Keating v. Superior Court,* 31 Cal. 3d 584, 183 Cal. Rptr. 360, 645 P. 2d 1192 (1982), *dismissed in part and rev'd in part on other issues sub nom. Southland Corp. v. Keating,* --- U.S. ---, 79 L.Ed. 2d 1 (1984); *Doers v. Golden Gate Bridge Etc. Dist.,* 23 Cal. 3d 180, 151 Cal. Rptr. 837, 588 P. 2d 1261. *See also Moses H. Cone Hospital v. Mercury Constr. Corp.,* 460 U.S. 1, 24-25, 74 L.Ed. 2d 765, 785 (1983) ("[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability."). Because of the reluctance to find waiver, we hold that a party has impliedly waived[3] its contractual right to arbitration if by its delay or by actions it takes which are inconsistent with arbitration, another party to the contract is prejudiced by the order compelling arbitration. *See, e.g., Carolina Throwing Co. v. S & E Novelty Corp.,* 442 F. 2d 329, 331 (4th Cir. 1971) (" 'waiver . . . may not rest mechanically on some act such as the filing of a complaint or answer but must find a basis in prejudice to the objecting party' ") (quoting *Batson Y. & F. M. Gr., Inc. v. Saurer-Allma GmbH-Allgauer M.,* 311 F. Supp. 68, 73 (D.S.C. 1970) ).

A party may be prejudiced if, for example, it is forced to bear the expenses of a lengthy trial, *E.C. Ernst, Inc. v. Manhattan Const. Co. of Tex.,* 551 F. 2d 1026 (5th Cir.), *modified and aff'd per curiam on reh'g,* 559 F. 2d 268, 269 (1977), *cert. denied sub nom. Providence Hospital v. Manhattan Constr. Co.,* 434 U.S. 1067 (1978); evidence helpful to a party is lost because of delay in the seeking of arbitration, *In re Mercury Const. Corp.,* 656 F. 2d 933, 940 (4th Cir. 1981) (en banc), *aff'd sub nom. Moses H. Cone Hospital v. Mercury Constr. Corp.,* 460 U.S. 1, 74 L.Ed. 2d 765

3. A party may, of course, expressly waive contractual arbitration.

(1983); *N&D Fashions, Inc. v. DHJ Industries, Inc.*, 548 F. 2d 722, 728 (8th Cir. 1976); a party's opponent takes advantage of judicial discovery procedures not available in arbitration, *Carcich v. Rederi A/B Nordie*, 389 F. 2d 692, 696 n. 7 (2d Cir. 1968); or, by reason of delay, a party has taken steps in litigation to its detriment or expended significant amounts of money thereupon, *Michelin Tire Corp. v. Todd*, 568 F. Supp. 622, 625-26 (D. Md. 1983); *Commercial Metals Co. v. International Union Marine Corp.*, 294 F. Supp. 570, 574 (S.D.N.Y. 1968); *Christensen v. Dewor Developments*, 33 Cal. 3d 778, 191 Cal. Rptr. 8, 661 P. 2d 1088 (1983). *See generally* Note, *Contractual Agreements to Arbitrate Disputes: Waiver of the Right to Compel Arbitration*, 52 S. Cal. L. Rev. 1513, 1531-33 (1979).

In the instant case, on 11 August 1980 LaFave Company moved for an order compelling arbitration. LaFave Company's crossclaim against the Fryes was dated 7 July 1980, and the Fryes' crossclaim against LaFave Company and their third-party claim against David M. LaFave were dated 9 July 1980.[4] The mere filing of these pleadings did not manifest waiver by either LaFave Company or the Fryes of their right to arbitrate under the contract. To hold otherwise, that is, to hold that the mere filing of pleadings or other motions in a pending lawsuit constitutes waiver of a contractual arbitration provision would make parts of N.C.G.S. 1-567.3 nonsensical. For example, 1-567.3(c) provides that if an issue subject to a contractual provision to arbitrate is involved in a pending lawsuit, any party to the contract can apply to the court for an order directing arbitration. This indicates that the General Assembly contemplated the possibility that a party would apply for arbitration after a lawsuit had begun. By expressly providing that a party may apply for an order compelling arbitration after suit has begun and by providing that in such a case the court must order arbitration in accordance with N.C.G.S. 1-567.3(a), it is clear that the legislature could not have intended that the mere filing of pleadings causes a waiver of a contractual arbitration provision.

The Fryes point out that in *Crutchley v. Crutchley*, 306 N.C. 518, 525, 293 S.E. 2d 793, 798 (1982), this Court stated that "[o]nce

---

4. We note that neither the Fryes nor LaFave Company initiated suit; Cyclone was the initial complainant.

a civil action has been filed and is pending, the court has no authority to order, even with the parties' consent, binding arbitration." This statement was limited to the facts involved in *Crutchley*: There plaintiff sued for divorce from bed and board, alimony pendente lite, permanent alimony, custody of the three children, and child support. In response, defendant denied plaintiff's alleged grounds for divorce from bed and board and prayed for custody of the children and dismissal of plaintiff's action. Pursuant to a consent order the district court ordered the parties to submit all issues to an arbitrator appointed by the court. The arbitrator made an award which was approved by the district court on 1 December 1977. On 30 November 1978 plaintiff filed motions in the cause seeking modification of the arbitrator's award. The trial court ruled that the arbitrator's award was binding and therefore plaintiff was precluded from making any motions in the cause. On appeal the Court of Appeals determined that the only issue before it was that part of the arbitrator's award concerning spousal support. It held that such an issue was arbitrable and that the arbitrator's award was binding and was not modifiable without consent of both parties.

On discretionary review, this Court reversed, holding that the trial court has no authority to order *binding* arbitration in a civil action for alimony, custody, and child support. In *Crutchley* we held that an issue of spousal support may be settled by a binding arbitration award. However, an arbitrator's award concerning child custody and child support is always modifiable by the courts and thus any arbitration award concerning these issues is not binding:

> [W]hile there . . . exists no prohibition to the parties settling the issues of custody and child support by arbitration, the provisions of an award for custody or child support will always be reviewable and modifiable by the courts. It is a well-established rule in this jurisdiction that parents cannot by agreement deprive the court of its inherent and statutory authority to protect the interests of their children. . . . Further, a court order pertaining to custody or support of a minor child does not finally determine the rights of the parties as to these matters. Instead, such an order "may be modified or vacated at any time, upon motion in the cause

and a showing of changed circumstances by either party or anyone interested." G.S. § 50-13.7(a) (1981 Cum. Supp.).

306 N.C. at 524, 293 S.E. 2d at 797 (citations omitted). Thus *Crutchley* did not hold that parties to a suit that has been filed and is pending cannot come to an agreement to arbitrate or that the court cannot order the parties to arbitrate in accord with such an agreement.[5] Rather, we ruled that because all awards or orders concerning child support or custody are reviewable and modifiable, any arbitration concerning these issues is not *binding.*

In the present case the Court of Appeals erroneously read *Crutchley* as holding that once pleadings have been filed the court could not order arbitration even with consent of the parties. As long as the statutory requirements of the Uniform Arbitration Act, N.C.G.S. 1-567.1 to .20, have been met and an order compelling arbitration would not prejudice a party to the contract who opposes the motion according to the standard set forth in this opinion, a court must order arbitration on motion of a party to the contract.[6]

[2] Having thus determined that the mere filing of pleadings by both parties to a contract containing an arbitration agreement does not constitute waiver of the arbitration provision as a matter of law, we now turn to consider whether the stage at which

5. Such a holding would have violated N.C.G.S. 1-567.2(a) and .3(a) which together provide that two or more parties may agree in writing to submit to arbitration any controversy existing between them at the time of the agreement and that if one of the parties to such an agreement refuses to arbitrate, the court shall order arbitration in accord with the agreement upon motion of another party.

6. The case of *Hargett v. Delisle*, 229 N.C. 384, 49 S.E. 2d 739 (1948), also cited by the Court of Appeals in the present case, merely stands for the proposition that all parties to a contract containing an arbitration provision may waive arbitration and seek relief in the courts. In *Hargett* neither party moved for an order compelling arbitration. Since both parties had thus waived that provision of the contract at issue, this Court held that it was error on the part of the trial court to have ordered the parties to arbitrate on its own motion.

We do not hereby overrule *Development Co. v. Arbitration Assoc.*, 48 N.C. App. 548, 269 S.E. 2d 685 (1980), *disc. rev. denied*, 301 N.C. 719 (1981), which held that a trial court has authority to determine whether the subject matter of a demand for arbitration has been previously litigated between the parties and reduced to a judgment binding upon them.

LaFave Company moved to compel arbitration was such that the order compelling arbitration prejudiced the Fryes.

During the thirty-five days between the date LaFave Company filed its crossclaim and the date it moved for arbitration, no motions were filed, apparently no discovery was conducted by the parties, and no evidence concerning the matters at issue was lost. Although the Fryes filed pleadings during this period, there is no evidence that the Fryes had incurred substantial expenses in preparation for litigation by the time the LaFave Company moved for arbitration. There is nothing in the record indicating that on 11 August 1980, the date LaFave Company's motion was filed, the Fryes would be prejudiced by having to arbitrate in accord with the terms of their contract with LaFave Company instead of proceeding with litigation of the dispute. The trial court properly ordered the parties to arbitrate.

[3] The next question presented for review is whether the superior court erred in confirming the award rendered by the arbitrator. N.C.G.S. 1-567.12 provides that "[u]pon application of a party, the court shall confirm an award, unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award. . . ." N.C.G.S. 1-567.13(a) provides:

> (a) Upon application of a party, the court shall vacate an award where:
>
>> (1) The award was procured by corruption, fraud or other undue means;
>>
>> (2) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party;
>>
>> (3) The arbitrators exceeded their powers;
>>
>> (4) The arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of G.S. 1-567.6, as to prejudice substantially the rights of a party; or

(5) There was no arbitration agreement and the issue was not adversely determined in proceedings under G.S. 1-567.3 and the party did not participate in the arbitration hearing without raising the objection; but the fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award.

N.C.G.S. 1-567.14 provides:

(a) Upon application made within 90 days after delivery of a copy of the award to the applicant, the court shall modify or correct the award where:

(1) There was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award;

(2) The arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or

(3) The award is imperfect in a matter of form, not affecting the merits of the controversy.

(b) If the application is granted, the court shall modify and correct the award so as to effect its intent and shall confirm the award as so modified and corrected. Otherwise, the court shall confirm the award as made.

(c) An application to modify or correct an award may be joined in the alternative with an application to vacate the award.

We note that a strong policy supports upholding arbitration awards. *See Carolina-Virginia Fashion Exhibitors, Inc. v. Gunter*, 291 N.C. 208, 230 S.E. 2d 380 (1976). Further, "judicial review of an arbitration award is confined to determination of whether there exists one of the specific grounds for vacation of an award under the [Uniform] Arbitration [Act]." *Carolina-Virginia Fashion Exhibitors, Inc. v. Gunter*, 41 N.C. App. 407, 411, 255 S.E. 2d 414, 418 (1979).

The Fryes argue first that the arbitrator exceeded his powers and therefore his award should have been vacated. N.C. Gen. Stat. § 1-567.13(a)(3) (1983). Second, they argue that the arbitrator made several evident miscalculations and therefore the award should have been modified or corrected. N.C. Gen. Stat. 1-567.14 (a)(1) (1983).

The powers of an arbitrator are set forth in part in N.C.G.S. 1-567.5 to .11. In addition, the contract between the Fryes and LaFave Company provides in part that "[a]ll claims, disputes and other matters in question arising out of, or relating to, this Contract or the breach thereof . . . shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise."

The record reveals no evidence that the arbitrator in the present case exceeded his powers under the statute or under the contract between the parties. Indeed, the Fryes do not argue directly that the arbitrator exceeded his powers. Rather, they contend that because of the way he calculated the award to La-Fave Company, the arbitrator exceeded his powers. This assignment of error is without merit. Also, there is no evidence that the arbitrator improperly favored one party over the other. Therefore, the trial court properly denied the Fryes' motion to vacate the arbitrator's award.

The Fryes also allege that the arbitrator made an "evident miscalculation of figures," and thus the trial court ought to have modified or corrected the award pursuant to N.C.G.S. 1-567.14. The record shows that after the arbitrator made his award the Fryes applied to the superior court for an order to have the arbitrator clarify his award on several points. The superior court so ordered, and in response the arbitrator released a letter he had written dated 24 December 1981 to the American Arbitration Association in which the arbitrator explained in detail the basis for his award. Upon reviewing this letter and its attachments, the superior court ruled that no grounds existed for modification, correction, or vacation of the arbitrator's award.

The Fryes contend that the arbitrator's explanation of his award shows that it was "arbitrary and capricious, contrary to the evidence and contrary to law." The Fryes specifically list

several decisions the arbitrator made in calculating his award which the Fryes claim were inappropriate. The Fryes contend that because of these the superior court should have modified the award.

We concur with the statement of the Court of Appeals in *Carolina-Virginia Fashion Exhibitors, Inc. v. Gunter*, 41 N.C. App. 407, 414-15, 255 S.E. 2d 414, 419-20 (1979), that the legislative intent of N.C.G.S. 1-567.14(b) is that

> only awards reflecting mathematical errors, errors relating to form, and errors resulting from arbitrators['] exceeding their authority shall be modified or corrected by the reviewing courts. . . . If an arbitrator makes a mistake, either as to law or fact [unless it is an evident mistake in the description of any person, thing or property referred to in the award, *see* N.C.G.S. 1-567.14(a)(1)], it is the misfortune of the party. . . . There is no right of appeal and the Court has no power to revise the decisions of "judges who are of the parties' own choosing." An award is intended to settle the matter in controversy, and thus save the expense of litigation. If a mistake be a sufficient ground for setting aside an award, it opens the door for coming into court in almost every case; for in nine cases out of ten some mistake either of law or fact may be suggested by the dissatisfied party. Thus . . . arbitration instead of ending would tend to increase litigation.

Finding no evident mathematical errors, errors relating to form, and no errors evidencing that the arbitrator exceeded his powers, we hold that the superior court properly confirmed the award of the arbitrator pursuant to N.C.G.S. 1-567.14(b).

The decision of the Court of Appeals is

Reversed.