SERVOMATION CORPORATION, Plaintiff v. HICKORY CONSTRUCTION COMPANY, Defendant and Third Party Plaintiff v. MILLER-BROOKS ROOFING COMPANY, Third Party Defendant

No. 8325SC1012

(Filed 7 May 1985)

**Arbitration and Award § 2— waiver of arbitration**

　　Upon reconsideration by the Court of Appeals in light of the Supreme Court decision in *Cyclone Roofing Co. v. LaFave Co.*, 312 N.C. 224, the Court of Appeals was of the opinion that its previous decision should not be altered and that defendant had waived its right to compulsory arbitration. The circumstances showing waiver are more abundant here than in *Cyclone Roofing Co.*, and the law of waiver is part of the State's public policy. G.S. 1-567.1 *et seq.*

ON remand from the North Carolina Supreme Court by order dated 8 January 1985.

*Rudisill & Brackett, by Keith T. Bridges, for plaintiff appellee.*

*Patrick, Harper & Dixon, by Stephen M. Thomas, for defendant appellant Hickory Construction Company.*

PHILLIPS, Judge.

This appeal was the subject of a previous opinion of this Court reported at 70 N.C. App. 309, 318 S.E. 2d 904 (1984). Upon receiving a petition to review the appeal the North Carolina Supreme Court remanded it for our further consideration in light of its opinion in *Cyclone Roofing Co. v. LaFave Co.*, 312 N.C. 224, 321 S.E. 2d 872 (1984), handed down after our decision was arrived at. After reconsidering the appeal in that light we are of the opinion that the decision previously made should not be altered. In deciding the appeal we considered that the view expressed in the dissenting opinion in *Cyclone Roofing Co. v. LaFave Co.* [67 N.C. App. 278, 312 S.E. 2d 709 (1984)] might become the law of the case upon its appeal, as has happened, but were of the opinion that that case has no application to this one in any event, since the circumstances tending to show a waiver here are so much more abundant than they were there. We are still of that opinion. Also, in arriving at our previous decision we were aware that by virtue of G.S. 1-567.1 *et seq.* the public policy of the State favors the enforcement of contracts for arbitration and gave due consideration to that fact; but, as we understand it, the law of waiver is also a part of the State's public policy and it seems plain to us that under the circumstances recorded in this case defendant has waived its right to compulsory arbitration for the reasons heretofore stated.

Affirmed.

Judges WEBB and JOHNSON concur.