SUZANNE ENGLISH McCRARY, BY AND THROUGH HER GENERAL GUARDIAN, CHARLES W. McCRARY, JR., PLAINTIFF-APPELLANT V. TERESA BYRD AND HAM'S RESTAURANTS, INC., DEFENDANT-APPELLEES

No. COA99-322

(Filed 1 February 2000)

**Appeal and Error— appealability—interlocutory appeal—stay of arbitration**

An appeal from a stay of arbitration pending completion of discovery in an action arising from an automobile accident was dismissed as interlocutory where the order neither compelled nor prohibited arbitration but reserved its ruling until the parties had complied with discovery. There was no waiver of the right to arbitration because that is an issue of fact which the trial court has not yet decided; the court's actions did not amount to a denial of the motion to compel arbitration because some delay is inherent in the situation; and there was no evidence of any burdensome expense.

Appeal by plaintiff from orders entered 28 July 1998 and 7 December 1998 by Judge Preston Cornelius in Guilford County Superior Court. Heard in the Court of Appeals 5 January 2000.

Suzanne English McCrary (plaintiff) is a resident of Randolph County. Plaintiff brings this action by and through her father, who is her general guardian. Teresa Byrd (defendant Byrd) is a resident of Alamance County. Defendant Ham's Restaurants, Inc., is a North Carolina corporation which has various places of business in the State.

On 23 October 1997, plaintiff brought this personal injury action against defendant Byrd and defendant Ham's Restaurants, Inc. Plaintiff alleged that on the evening of 18 October 1991, both plaintiff and defendant Byrd were present in the Ham's Restaurant in Burlington, but were seated at different tables; that both plaintiff and defendant Byrd left the restaurant at about the same time. Plaintiff further alleged in her complaint that she had a "brief exchange" with defendant Byrd in the parking lot of the restaurant; that plaintiff became "visibly upset" after the exchange; that defendant Byrd got into her car and exited the parking lot; that plaintiff ran toward defendant Byrd's vehicle, attempting to flag Byrd down, lost her balance, and fell onto the road; that defendant Byrd's vehicle ran over plaintiff, resulting in serious injury to plaintiff.

Police officers arrived on the scene at approximately 12:43 a.m., and arrested defendant Byrd for driving under the influence. On 8 January 1992, defendant Byrd pled guilty to the charge of impaired driving under N.C. Gen. Stat. § 20-138.1 (1999). As a result of the accident, plaintiff suffered serious brain injury and other physical injuries and was later adjudicated to be legally incompetent. Defendant Byrd contends that plaintiff was also intoxicated at the time of the accident.

At the time of the accident which is the subject of this lawsuit, plaintiff apparently was an "insured" under three policies of automobile insurance issued by Nationwide Mutual Insurance Company (Nationwide) to plaintiff's father, which policies provided underinsured motorist coverage to plaintiff. The Nationwide policies contain an arbitration provision. On 8 December 1997, Nationwide, as a potential underinsured motorist carrier, filed an answer asking that the court allow it to appear as an unnamed defendant and pleading the plaintiff's alleged intoxication as a defense. Thereafter, the parties engaged in discovery. Plaintiff served interrogatories and requests for production of documents on defendants Byrd and Ham's and on unnamed defendant Nationwide. In addition, plaintiff took the deposition of defendant Byrd and five other witnesses. Nationwide served interrogatories and requests for production of documents on plaintiff and noticed the depositions of plaintiff, her parents, and plaintiff's toxicologist. On 26 June 1998, Nationwide made a motion to compel the deposition testimony of plaintiff's toxicologist, and a motion for sanctions against plaintiff for failure to comply with discovery requests. On 6 July 1998, plaintiff made a motion to compel arbitration. On 20 July 1998, Nationwide made a motion to prohibit arbitration.

McCRARY v. BYRD

[136 N.C. App. 487 (2000)]

On 22 July 1998, the trial court heard arguments on Nationwide's motions to compel deposition testimony and motion for sanctions, Nationwide's motion to prohibit arbitration, plaintiff's motion for a protective order and plaintiff's demand for arbitration. The trial court found, among other things, that "plaintiffs [Suzanne McCrary and Charles McCrary] wilfully failed to present themselves or Susan McCrary [plaintiff's mother] or Andrew Mason [plaintiff's toxicologist] for the depositions at the time and place properly noticed . . . without just cause and . . . without a filed objection or motion for protective order . . . ." On 28 July 1998, the trial court entered an order requiring that the McCrarys and Andrew Mason present themselves for their depositions on or before 31 July 1998. In addition, the trial court ordered that Linda Molter, Robert Cross, M.D., Webb Love and Nancy Parker present themselves for their scheduled depositions in Chapel Hill on 31 July 1998. Finally, the trial court ordered that "the motion to demand arbitration and motion to prohibit arbitrations shall be reserved by this Court to be heard at a later time and date after proper notice and after all depositions above-described have been completed." Plaintiff appealed in apt time from the entry of the above-described order.

In response to notice from the American Arbitration Association (AAA) that it was going to proceed with the arbitration of this matter, Nationwide moved that the trial court clarify its 28 June 1998 order, or issue an order staying the plaintiff and AAA from proceeding with arbitration. By order filed 7 December 1998, the trial court ordered that Nationwide's motion "to Stay the Plaintiff and American Arbitration Associates (AAA) from proceeding forward with arbitration, pending the compliance with the Order of July 27, 1998, or the outcome of an appeal from said Order, shall be and the same is hereby allowed." Plaintiff also appealed from the 7 December 1998 order.

*Gordon & Nesbit, P.L.L.C., by Thomas L. Nesbit, for plaintiff appellant.*

*Teague, Rotenstreich and Stanaland, L.L.P., by Kenneth B. Rotenstreich and Ian J. Drake, for Unnamed Defendant Appellee Nationwide Mutual Insurance Company.*

HORTON, Judge.

Plaintiff contends the trial court erred in staying arbitration until the completion of discovery. Defendant Nationwide argues that plain-

tiffs' appeal is interlocutory and should be dismissed. We agree with unnamed defendant Nationwide, hold that plaintiffs' appeal is interlocutory, and order that this appeal be dismissed.

As a general rule, there is no right of immediate appeal from interlocutory orders and judgments. *Travco Hotels v. Piedmont Natural Gas Co.*, 332 N.C. 288, 291, 420 S.E.2d 426, 428 (1992). However, an " 'order denying arbitration, although interlocutory, is immediately appealable because it involves a substantial right which might be lost if appeal is delayed.' " *Burke v. Wilkins*, 131 N.C. App. 687, 688, 507 S.E.2d 913, 914 (1998) (citation omitted). In *Burke*, the trial court *denied* the motion to compel arbitration. Here, the trial court neither compelled nor prohibited arbitration in its 28 June 1998 order, but reserved its ruling until the parties had complied with discovery. Plaintiff appealed from that order, and the trial court ordered arbitration *stayed* until the scheduled discovery was completed or until the results of plaintiff's appeal. At most, the trial court's order of 28 June 1998 *delayed* its ruling on plaintiff's request for arbitration. Plaintiff argues, however, that the effect of the ruling of the trial court was to deny her request for arbitration and subjected her to additional delay and expense. Plaintiff also contends that had she submitted to Nationwide's discovery efforts, her actions might have amounted to a waiver of her right to demand arbitration of her claim against Nationwide. She finally contends that the trial court had no choice but to grant arbitration immediately upon her request, and could not delay its ruling on her motion. We disagree with plaintiff for the reasons set out below. The Uniform Arbitration Act, N.C. Gen. Stat. §§ 1-567.1 to -.20 (1999), provides in part that:

> Two or more parties may agree in writing to submit to arbitration any controversy existing between them at the time of the agreement, or they may include in a written contract a provision for the settlement by arbitration of any controversy thereafter arising between them relating to such contract or the failure or refusal to perform the whole or any part thereof. Such agreement or provision shall be valid, enforceable, and irrevocable except with the consent of all the parties, without regard to the justiciable character of the controversy.

N.C. Gen. Stat. § 1-567.2(a). Here, there is no question about the existence of a valid arbitration agreement. Plaintiff has demanded arbitration and Nationwide has refused. N.C. Gen. Stat. § 1-567.3(a) provides that where one party to an arbitration agreement refuses to arbitrate, the party seeking to arbitrate the dispute may apply to the court for

an order compelling arbitration. Even where there is a valid contractual agreement to arbitrate, however, that right is not absolute but may be waived by the conduct of the parties. *Cyclone Roofing Co. v. LaFave Co.*, 312 N.C. 224, 321 S.E.2d 872 (1984); *see Servomation Corp. v. Hickory Construction Co.*, 316 N.C. 543, 544, 342 S.E.2d 853, 854 (1986). Because of our public policy favoring arbitration, however, our "courts must closely scrutinize any allegation of waiver of such a favored right." *Cyclone*, 312 N.C. at 229, 321 S.E.2d at 876.

Here, Nationwide alleged in its motion to prohibit arbitration that plaintiff has waived her right to arbitration. Whether plaintiff has waived the right to arbitration is not now before us, however. Waiver is a question of fact to be decided by the trial court, *id.*, and the trial court has not yet decided the contested facts and ruled on Nationwide's objections.

Nor do we agree that the trial court's actions in delaying, and then staying, arbitration were tantamount to a denial of plaintiff's motion to compel arbitration. Plaintiff seems to argue that once a motion to compel arbitration is filed, the trial court must, upon finding a valid arbitration contract to exist, order arbitration without regard to other pending matters. While we would agree that the trial court should rule on the motion to compel arbitration without undue delay, some delay is inherent in the situation where a party contends that another party has waived the right to seek arbitration. Since the question is one of fact, there must be notice and an evidentiary hearing on the issue. Further, where depositions have already been scheduled and noticed, as in the case before us, we do not believe it to be an abuse of discretion for the trial court to enter an order requiring the completion of scheduled discovery prior to ruling on the arbitration request. That seems to us to be particularly true here, where the plaintiff has already availed herself of discovery procedures, but seeks to prevent the unnamed defendant from completing its scheduled discovery. Although plaintiff argues that this subjects her to burdensome delay and expense, we note that the depositions in question were scheduled for 31 July 1998, only nine days after the 22 July 1998 motions hearing before the trial court. Following the completion of the discovery process, plaintiff could have calendared her motion to compel arbitration before the trial court for a ruling on her request. We do not find evidence in the record of any burdensome expense to the plaintiff in allowing Nationwide to complete its discovery, and the trial court was in a superior position to weigh and consider the concerns of plaintiff when it entered its order on 28 June 1998. Under the

circumstances of this case, we cannot say that the trial court abused its discretion in briefly delaying its ruling on plaintiff's right to arbitration in order to allow the completion of discovery.

Plaintiff also argues that she refused to cooperate with Nationwide's discovery efforts because she feared that a failure to object to discovery might amount to a waiver of her right to arbitration. We do not believe that plaintiff's fears are well founded. Without expressing any opinion as to whether events prior to plaintiff's motion to compel arbitration amount to a waiver, plaintiff clearly did not acquiesce in Nationwide's attempts to complete the deposition process, and objected to the order of the trial court allowing discovery to go forward. It is difficult to imagine that complying with an order of the trial court to which one objects would amount to a waiver of the right to arbitration. In *Cyclone*, after stating that courts are reluctant to find a waiver of arbitration, the Supreme Court held that "a party has impliedly waived its contractual right to arbitration if by its delay or by actions it takes which are inconsistent with the arbitration, another party to the contract is prejudiced by the order compelling arbitration." *Cyclone*, 312 N.C. at 229, 321 S.E.2d at 876 (footnote omitted). Plaintiff's actions in resisting further discovery efforts would seem to be consistent with her desire for arbitration, and Nationwide would be hard-pressed to show that it was prejudiced by the grant of its own motion.

We also note that although plaintiff contended on oral argument that she had a right to appeal because the order of 28 July 1998 included sanctions for discovery violations, plaintiff does not discuss that assignment of error in her brief, and it is deemed abandoned. N.C.R. App. P. 28(a).

Plaintiff's appeal is dismissed and the case is returned to the trial court for compliance with the orders of that court. If after the completion of discovery as previously ordered the trial court allows the plaintiff's motion to compel arbitration, completion of discovery will likely prove helpful to the arbitrator who will have the benefit of information discovered by both parties. Should the trial court deny plaintiff's motion to compel arbitration, plaintiff will then have the right to seek review of that denial from this Court.

Plaintiff having had the opportunity to complete discovery, we find no abuse of discretion on the part of the trial court in allowing Nationwide a brief time to complete its discovery efforts, par-

ticularly since those efforts began *prior* to plaintiffs' motion to compel arbitration.

Plaintiff's appeal is dismissed.

Judges MARTIN and TIMMONS-GOODSON concur.