W. J. ADAMS v. ROBERT J. NELSEN AND WIFE, ALICE E. NELSEN

No. 833DC359

(Filed 20 March 1984)

1. **Arbitration and Award § 2; Laborers' and Materialmen's Liens § 1— arbitration agreement—no waiver of right to file lien claim**

By contractually agreeing to arbitration, plaintiff did not thereby waive his right to file a laborers' and materialmen's lien claim and institute court action to enforce such lien but was entitled to enforce any award in his favor through a judgment enforcing his lien claim. G.S. 44A-13 and -14.

2. **Arbitration and Award § 2— waiver of right to arbitration**

The right to arbitration is contractual and may be impliedly waived through the conduct of a party to the contract clearly indicating such purpose. Plaintiff, by pursuing an action in court, clearly indicated his intent to waive his right to arbitration.

3. **Arbitration and Award § 2— failure to demand arbitration in apt time—waiver of right to arbitration**

Where the contract of the parties provided that a demand for arbitration could not be made after the date when the dispute would be barred by the applicable statute of limitations, defendants waived their right to arbitration by failing to demand arbitration within three years from the time plaintiff breached the contract's arbitration provision by instituting court action. G.S. 1-52.

4. **Arbitration and Award § 1— motion to dismiss not demand for arbitration**

Defendants' Rule 12(b)(6) motion to dismiss was not equivalent to a demand for arbitration. Had defendants wished to assert their contractual right to arbitration, the proper procedure would have been a motion to stay litigation and order arbitration. G.S. 1-567.3(d).

5. **Arbitration and Award § 2— waiver of arbitration—who should determine**

The arbitrator is the proper person to determine the issue of waiver of arbitration only when such issue is intertwined with the substance of the parties' dispute. When, however, the issue of waiver is predicated upon participation in a lawsuit by a party seeking arbitration, the trial judge should determine the waiver issue.

6. **Arbitration and Award § 2— waiver of contractual right to arbitration**

A defendant may be deemed to have waived a contractual right to arbitration (1) when parties pursue an action in court with neither party seeking to invoke a previously agreed upon arbitration clause; (2) when defendant did not demand arbitration within the applicable statutory time limit; and (3) when defendant participates in litigation or takes other action inconsistent with the right to arbitration so that plaintiff will be prejudiced if the court action is stayed and arbitration ordered.

Adams v. Nelsen

7. **Arbitration § 1— arbitration of disputes concerning alimony, custody and child support**

When a civil action concerning alimony, child support, and custody is already filed and pending and there has been no prior agreement to arbitrate, the trial judge is without authority, even if the parties consent, to order arbitration.

APPEAL by plaintiff from *Rountree, Judge*. Judgment entered 28 January 1983 in District Court, CARTERET County. Heard in the Court of Appeals 5 March 1984.

In this case we must decide whether the trial court erred in dismissing, under Rule 12(b)(6) of the Rules of Civil Procedure, an action by plaintiff concerning money owed by defendants for services performed under a contract containing a provision that all claims or disputes under said contract would be resolved through arbitration.

Plaintiff, a registered professional engineer, alleges, in essence, that on 22 August 1978, he entered into a contract with defendants, owners of a parcel of land in Carteret County, in which plaintiff agreed to perform professional design services in connection with the design and construction of a residence for defendants on defendants' parcel of land. Under the terms of said contract, defendants still owe plaintiff $2,662.00.

On 11 September 1979, plaintiff, in accordance with Article 44A of the General Statutes, filed a claim of lien for $2,410.00 on defendants' parcel of land. On 9 November 1979, plaintiff filed the present action praying for judgment against defendants and for enforcement of his lien claim through a court ordered execution sale.

On 4 December 1979, defendants filed an answer, denying plaintiff's claims and alleging as an affirmative defense, that plaintiff performed the contract in an unprofessional manner and failed to fully perform his obligations under the contract. Defendants also moved, under Rule 12(b)(6) to dismiss, alleging that plaintiff failed to state any facts upon which relief could be granted. Also on 4 December, defendants demanded a trial by jury.

The trial court granted defendants' motion to dismiss and, furthermore, ordered that plaintiff's claim of lien be cancelled.

*Darden and Pierce, by R. D. Darden, Jr., for plaintiff appellant.*

*Bennett, McConkey and Thompson, by Thomas S. Bennett, for defendants appellees.*

VAUGHN, Chief Judge.

Plaintiff contends that the trial court erred in granting defendants' 12(b)(6) motion to dismiss. We agree. The only situations warranting a 12(b)(6) dismissal are:

(1) when the complaint on its face reveals that no law supports plaintiff's claim;

(2) when the complaint on its face reveals that some fact essential to plaintiff's claim is missing; and

(3) when some fact disclosed in the complaint defeats plaintiff's claim.

*Advertising Co. v. City of Charlotte*, 50 N.C. App. 150, 152, 272 S.E. 2d 920, 922 (1980).

Plaintiff's complaint, which, in essence, alleged that plaintiff performed services for which defendants still owe him money pursuant to a valid contract entered into between the parties, was sufficient to withstand defendants' motion to dismiss. We find no defect on the face of plaintiff's complaint.

[1] The trial court, was, furthermore, without authority to cancel plaintiff's claim of lien. Defendant does not dispute that plaintiff was entitled to file a claim of lien pursuant to G.S. 44A-8. The right to file and enforce a lien claim and the right to resolve a dispute through arbitration are mutually exclusive rights. Plaintiff, by contractually agreeing to arbitration, did not thereby waive his right to file a lien claim and institute court action to enforce such lien. *See Mills v. Robert Gottfried, Inc.*, 272 So. 2d 837 (Fla. App. 1973); *Frederick Contr. v. Bel Pre Med.*, 274 Md. 307, 334 A. 2d 526 (1975). Plaintiff is entitled to enforce any award in his favor through a judgment enforcing his lien claim. G.S. 44A-13 and 14. *See Mills v. Robert Gottfried, Inc., supra; Frederick Contr. v. Bel Pre Med., supra.*

Plaintiff's complaint, valid on its face, was not, as defendants suggest, rendered invalid by the fact that the parties had, prior

to the time plaintiff instituted this suit, contractually agreed to arbitrate all disputes. Attached to plaintiff's complaint and incorporated therein by reference was the parties' contract, containing the following arbitration provision:

> All claims, disputes and other matters in question between the parties to this Agreement, arising out of, or relating to this Agreement or the breach thereof, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise. No arbitration, arising out of, or relating to this Agreement shall include, by consolidation, joinder or in any other manner, any additional party not a party to this Agreement except by written consent containing a specific reference to this Agreement and signed by all the parties hereto. Any consent to arbitration involving an additional party or parties shall not constitute consent to arbitration of any dispute not described therein or with any party not named or described therein. This Agreement to arbitrate and any agreement to arbitrate with an additional party or parties duly consented to by the parties hereto shall be specifically enforceable under the prevailing arbitration law. In no event shall the demand for arbitration be made after the date when such dispute would be barred by the applicable statute of limitations. The award rendered by the arbitrators shall be final.

[2] We are aware of the legislative intent underlying the recently adopted Uniform Arbitration Act, G.S. 1-567.1, *et seq.*, favoring arbitration as a means of dispute resolution. We recognize, moreover, that the parties' contractual agreement to resolve disputes through arbitration was valid, enforceable and irrevocable. G.S. 1-567.2; *see Sims v. Ritter Construction, Inc.*, 62 N.C. App. 52, 302 S.E. 2d 293 (1983). Nevertheless, the right to arbitration is contractual, and, thus, in accordance with traditional contract principles, may be impliedly waived through the conduct of a party to the contract clearly indicating such purpose. *See Campbell v. Blount*, 24 N.C. App. 368, 210 S.E. 2d 513 (1975). There is no question but that plaintiff, by pursuing an action in court, clearly indicated his intent to waive his right to arbitration.

[3] There is furthermore no question but that defendants, by failing to demand arbitration as provided by the parties' contract,

waived their right as well. According to the contract's arbitration provision, to avoid waiver, it was necessary for a party to demand arbitration within the applicable statutory time limit. The statute of limitations governing contract disputes is three years. G.S. 1-52. Defendants, therefore, to have invoked their right to arbitration should have demanded such within three years from the time plaintiff breached the contract's arbitration provision by instituting court action. *See Rawls v. Lampert,* 58 N.C. App. 399, 293 S.E. 2d 620 (1982). Because of their own inaction, defendants are now barred from invoking their arbitration rights.

[4]  We find no merit in defendants' suggestion that their 12(b)(6) motion was equivalent to a demand for arbitration. Defendants' motion, which alleged that plaintiff stated no facts warranting relief, made no reference to and did not invoke the arbitration process. Had defendants wished to assert their contractual right to arbitration, the proper procedure would have been a motion to stay litigation and order arbitration. G.S. 1-567.3(d); *Cf. Mills v. Robert W. Gottfried, Inc., supra; Eisel v. Howell,* 220 Md. 584, 155 A. 2d 509 (1959) (motions to dismiss for lack of jurisdiction in actions concerning contracts with arbitration clauses were improper); *but cf. Walter L. Keller & Associates v. Health Management Foundation,* 438 So. 2d 1076 (Fla. App. 1983).

[5]  Although defendants in this case waived their arbitration rights as a matter of law, we note that had the statute of limitations not run its course, it would have been within the trial judge's discretion to determine whether, under the doctrine of laches, defendants, by participating in the lawsuit, had, nevertheless, waived their rights to arbitration. While some jurisdictions vest sole authority in the arbitrator to determine the issue of waiver, we believe the arbitrator is the proper person only when the issue of waiver is intertwined with the substance of the parties' dispute. *See Charter Air Center v. Florida P.S.C.,* 503 F. Supp. 243 (N.D. Fla. 1980). When, in contrast, the issue of waiver is predicated upon participation in a lawsuit by a party seeking arbitration, we believe it to be more practical and efficient for the trial judge to determine the waiver issue. *See Brothers Jurewicz, Inc. v. Atari, Inc.,* 296 N.W. 2d 422 (Minn. 1980).

[6, 7]  With a view toward helping trial judges faced with similar controversies, we today set forth four situations in which a de-

Adams v. Nelsen

fendant may be deemed to have waived a contractual right to arbitration: First, when parties pursue an action in court with neither party seeking to invoke a previously agreed upon arbitration clause, the trial judge may render a judgment on the merits, since the parties, by their conducts have impliedly waived their rights to arbitration. *See Hargett v. Delisle,* 229 N.C. 384, 49 S.E. 2d 739 (1948). Second, when a civil action concerning alimony, child support, and custody is already filed and pending and there has been no prior agreement to arbitrate, the trial judge is without authority, even if the parties consent, to order arbitration. *See Crutchley v. Crutchley,* 306 N.C. 518, 293 S.E. 2d 793 (1982). Third, when, as here, defendant did not demand arbitration within the applicable statutory time limit, defendant is barred from asserting his right to arbitration. Fourth, when the defendant participates in litigation or takes other action inconsistent with the right to arbitration, so that plaintiff will be prejudiced if the court action is stayed and arbitration ordered, then the trial judge may find a waiver of arbitration rights. *See In re Mercury Const. Corp.,* 656 F. 2d 933, *reh. denied,* 664 F. 2d 936 (4th Cir. 1981), *affirmed,* --- U.S. ---, 103 S.Ct. 927, 74 L.Ed. 2d 765 (1983); *Weight Watch. of Quebec Ltd. v. Weight W. Int., Inc.,* 398 F. Supp. 1057 (E.D.N.Y. 1975); *Brothers Jurewicz, Inc., supra.* When determining, in this fourth situation, whether defendants' actions have prejudiced plaintiff, the question is one of reasonableness. We leave it to the trial judge to consider the situations of the parties, the nature of the transaction, and the facts of the particular case. *See Charter Air Center, supra.* The facts in the case *sub judice,* falling within the third category, remove the question of waiver from the discretion of the trial judge and require such a finding as a matter of law. Plaintiff, having a valid cause of action, is entitled to his day in court.

Reversed and remanded for proceedings not inconsistent with this opinion.

Judges WHICHARD and PHILLIPS concur.