MILLER BUILDING CORP. v. COASTLINE ASSOC. LTD. PARTNERSHIP

[105 N.C. App. 58 (1992)]

―――――――

MILLER BUILDING CORPORATION, PLAINTIFF v. COASTLINE ASSOCIATES LIMITED PARTNERSHIP, DEWAYNE H. ANDERSON, WILLIAM G. BENTON, DAVID WEIL, WILLIAM T. BAIRD, FAISON S. KUESTER, JR., AND HISTORIC PRESERVATION 1988 LIMITED PARTNERSHIP, DEFENDANTS

No. 915SC280

(Filed 7 January 1992)

**Arbitration and Award § 17 (NCI4th)— motion to compel arbitration—no unreasonable delay—right not waived**

The trial court erred in denying defendant's motion to compel arbitration on the basis that defendant had delayed unreasonably in demanding arbitration since plaintiff's breach in filing the lawsuit in superior court started the time running for the determination of when defendant must demand arbitra-

MILLER BUILDING CORP. v. COASTLINE ASSOC. LTD. PARTNERSHIP

[105 N.C. App. 58 (1992)]

tion, and defendant demanded arbitration approximately two months after plaintiff breached the contract by filing suit. Furthermore, defendants did not waive any right to arbitration by delaying the demand until after pursuing other motions and after plaintiff had incurred attorney fees which the court found were substantial, since plaintiff was not prejudiced by the order compelling arbitration and did not have to bear the expense of a lengthy trial, there was no indication that evidence was lost because of any delay in seeking arbitration, defendant did not take advantage of judicial discovery procedures not available in arbitration as no discovery was conducted, and funds expended by plaintiff were not the result of any delay in defendant's demand for arbitration.

**Am Jur 2d, Arbitration and Award §§ 51, 52.**

**Delay in asserting contractual right to arbitration as precluding enforcement thereof. 25 ALR3d 1171.**

APPEAL by defendants from Order entered 30 January 1991 by *Judge Napoleon B. Barefoot* in NEW HANOVER County Superior Court. Heard in Wilmington before the Court of Appeals on 16 October 1991.

*Marshall, Williams & Gorham, by Lonnie B. Williams and John D. Martin, for plaintiff appellee.*

*Deborah L. Nowachek for defendant appellants.*

COZORT, Judge.

In October 1987 plaintiff Miller Building Corporation (Miller) entered a written contract with defendant Coastline Associates Limited Partnership (Coastline) primarily for the construction of the Coastline Inn in Wilmington, North Carolina. The contract contained an arbitration provision and a provision that Coastline would be charged interest on all late monthly payments. After several late payments, in April 1988 Miller billed Coastline for interest due. Coastline did not pay the interest charge. Construction was completed in July 1989. Plaintiff continued to bill defendant for interest on late payments through February 1990, but defendant did not respond. After receiving no response to a written formal demand for payment, on 27 August 1990, Miller filed suit in New Hanover County Superior Court. By stipulation, the time for respon-

sive pleading was extended until 31 October 1990. On 30 October 1990 defendants filed a motion to stay judicial proceedings and compel arbitration, a motion to disqualify plaintiff's counsel, and an answer. The trial court denied defendants' motion to disqualify on 27 November 1990. On 28 January 1991, the trial court denied defendants' motion to stay the judicial proceedings and compel arbitration and entered an order two days later. Defendant appeals from the trial court's denial of the motion to compel arbitration. We reverse.

The sole issue on appeal is whether the trial court erred in denying the motion to compel arbitration on the basis that defendants had delayed unreasonably in demanding arbitration and had waived any right to arbitration.

In pertinent part the General Conditions of the Contract for Construction entered into by Miller and Coastline provide

**4.5. ARBITRATION**

**4.5.1 Controversies and Claims Subject to Arbitration.** Any controversy or Claim arising out of or related to the Contract, or the breach thereof, shall be settled by arbitration . . . .

4.5.4.2 A demand for arbitration shall be made . . . *within a reasonable time after the Claim has arisen,* and in no event shall it be made after the date when institution of legal or equitable proceedings based on such Claim would be barred by the applicable statute of limitations as determined pursuant to Paragraph 13.7. (Emphasis added)

The trial court made the following pertinent findings of fact and conclusions of law:

6. In its Answer, Coastline set up several defenses to payment of interest and for the first time moved for arbitration.

\* \* \* \*

9. The General Conditions of the contract contained an agreement to arbitrate.

10. Because Coaastline [*sic*] failed to respond to the billings for interest and failed to request arbitration, the plaintiff employed counsel and filed suit in August 1990, two years and eight months after the first late payment in December

**MILLER BUILDING CORP. v. COASTLINE ASSOC. LTD. PARTNERSHIP**

[105 N.C. App. 58 (1992)]

1987. The demand for arbitration under these circumstances was not made within a reasonable time.

11. Coastline waived any right it had to demand arbitration by its delays in seeking arbitration until after pursuing other motions and after plaintiff had incurred attorneys fees of $3,040.00, which the court finds were substantial.

From the foregoing findings of fact the court makes the following Conclusions of Law:

1. The demand for arbitration was not made in a reasonable time.

2. Coastline waived any right to arbitrate.

On appeal, defendants argue that the trial court erred in denying the motion to stay judicial proceedings and compel arbitration because defendants demanded arbitration within a reasonable time and Miller was not prejudiced by the delay in the demand. We agree.

In *Adams v. Nelsen*, 67 N.C. App. 284, 312 S.E.2d 896 (1984), *modified and aff'd*, 313 N.C. 442, 329 S.E.2d 322 (1985), plaintiff professional engineer entered a contract to perform professional design services in connection with a residence for defendants. The contract provided that demand for arbitration be made within the applicable statute of limitations. Plaintiff performed the work. Upon defendants' failure to pay, plaintiff filed suit in district court seeking to enforce a claim of lien. Defendants filed an answer and moved to dismiss the action pursuant to Rule 12(b)(6). The trial court granted the defendants' motion. On appeal, we found the trial court erred in dismissing the suit because there was no defect on the face of plaintiff's complaint and the trial court did not possess the authority to cancel plaintiff's claim of lien. We rejected defendants' argument that plaintiff's complaint was invalid since the parties had previously agreed to arbitrate all disputes. We did find, however, that both parties had waived the right to arbitration. The plaintiff indicated his intent to waive his right, we reasoned, by pursuing the action in court. We then concluded that defendants also waived the right to arbitrate based on the following reasoning:

> According to the contract's arbitration provision, to avoid waiver, it was necessary for a party to demand arbitration within the applicable statutory time limit. The statute of limitations governing contract disputes is three years. G.S. 1-52. *Defend-*

MILLER BUILDING CORP. v. COASTLINE ASSOC. LTD. PARTNERSHIP

[105 N.C. App. 58 (1992)]

*ants, therefore, to have invoked their right to arbitration should have demanded such within three years from the time plaintiff breached the contract's arbitration provision by instituting court action. . . .* Because of their own inaction, defendants are now barred from invoking their arbitration rights.

*Id.* at 288, 312 S.E.2d at 899 (citation omitted) (emphasis added). Finally, we noted that it was more practical and efficient for the trial judge to determine the waiver issue. *Id.*

On appeal, the North Carolina Supreme Court affirmed and modified our decision, determining that an arbitration clause does not prevent a party from pursuing a separate legal remedy in court; a 12(b)(6) motion does not oust the court of jurisdiction nor invoke the arbitration provision; and defendant could not demand arbitration after the running of the applicable statute of limitations. Although agreeing with our final resolution of the waiver issue, the Court concluded that we were mistaken that defendants' failure to demand arbitration within the statute of limitations period constituted a waiver. The Court reasoned that, since the contract contained a time limitation for demanding arbitration, the defendants' contractual right to demand arbitration was barred by the statute of limitations, and the question of whether defendants impliedly waived their right to arbitration was not an issue in the case. *Adams*, 313 N.C. at 448, 329 S.E.2d at 326.

Analyzing the case before us in light of *Adams*, we find that Coastline demanded arbitration within a reasonable time as required by the provisions of the contract. Coastline demanded arbitration on 30 October 1990, approximately two months after Miller breached the contract by filing suit in superior court. Miller stipulated to the extension of time to file responsive pleadings. According to *Adams*, the plaintiff's breach in filing the lawsuit in superior court starts the time running for the determination of when defendant must demand arbitration; this is true whether the time period at issue is the applicable statute of limitations as in *Adams* or within a reasonable time of the claim arising as in the case at bar. Since defendants promptly made demand for arbitration after plaintiff filed suit to enforce the disputed claim, we find that defendants did not delay unreasonably in making that demand.

We also agree with defendants that the trial court erred in finding that defendants waived the right to demand arbitration by delaying the demand for arbitration "until after pursuing other

**MILLER BUILDING CORP. v. COASTLINE ASSOC. LTD. PARTNERSHIP**

[105 N.C. App. 58 (1992)]

motions and after plaintiff had incurred attorneys fees of $3,040.00, which the court finds were substantial." In *Cyclone Roofing Co. v. LaFave Co.*, 312 N.C. 224, 321 S.E.2d 872 (1984), the North Supreme Court addressed the issue of waiver:

> Because of the reluctance to find waiver, we hold that a party has impliedly waived its contractual right to arbitration if by its delay or by actions it takes which are inconsistent with arbitration, another party to the contract is prejudiced by the order compelling arbitration.
>
> A party may be prejudiced if, for example, it is forced to bear the expenses of a lengthy trial; evidence helpful to a party is lost because of delay in the seeking of arbitration[;] a party's opponent takes advantage of judicial discovery procedures not available in arbitration[;] or, by reason of delay, a party has taken steps in litigation to its detriment or expended significant amounts of money thereupon.

*Id.* at 229, 230, 321 S.E.2d at 876-77 (citations omitted).

Analyzing the case at bar in light of *Cyclone*, we find that Coastline did not waive the right to arbitration because Miller was not prejudiced by the order compelling arbitration. Miller did not have to bear the expenses of a lengthy trial. There is nothing in the record or Miller's brief to indicate that evidence was lost because of any delay in seeking arbitration. Coastline did not take advantage of judicial discovery procedures not available in arbitration since no discovery was conducted.

Miller argues that it was prejudiced by being forced to take steps in litigation and to expend significant amounts of money in filing suit and in defending the motion to disqualify its counsel. The trial court agreed. Defendants point out, and plaintiff does not dispute, that defendants made only two motions; one to disqualify plaintiff's counsel, and one to stay the judicial proceedings and compel arbitration. There is nothing in the record to contradict defendants' representation. In order to constitute prejudice, plaintiff would have had to expend funds because of defendants' delay in demanding arbitration. We find that the funds expended in defending the motion to disqualify were not due to the two-month period between plaintiff's breach and defendants' motion to compel arbitration. As defendants point out, plaintiff would have incurred such expenses whether the case was litigated or arbitrated. Similar-

ly, since plaintiff opted to pursue the claim in court, the funds expended in preparation for litigation were not connected in any fashion to the delay between Miller's filing and Coastline's response. We find that Coastline did not, through its actions, impliedly waive its contractual right to arbitrate and that an order compelling arbitration would not prejudice Miller.

For the reasons set forth above, the order of the trial court is reversed, and the cause is remanded for entry of an order compelling arbitration.

Reversed and remanded.

Judges ARNOLD and LEWIS concur.