SMITH v. YOUNG MOVING & STORAGE, INC.

[141 N.C. App. 469 (2000)]

KAY SMITH, Plaintiff v. YOUNG MOVING AND STORAGE, INC., Defendant

No. COA99-1378

(Filed 29 December 2000)

**1. Arbitration and Mediation— motion to stay trial pending arbitration—not a dispositive motion**

The trial court erred by denying defendant's motion to compel arbitration and to stay trial pending arbitration, even though plaintiff contends defendant missed the deadline for filing dispositive motions set in the court's scheduling order, because defendant's motion was not a dispositive motion.

**2. Arbitration and Mediation— failure to plead arbitration as affirmative defense—not waiver**

A defendant did not waive arbitration by failing to plead it as an affirmative defense under N.C.G.S. § 1A-1, Rule 8(c), because the mere filing of pleadings does not manifest waiver of a contractual right to arbitrate.

**3. Arbitration and Mediation— delay in seeking arbitration— no prejudice shown**

A plaintiff was not prejudiced by a defendant's delay in seeking arbitration because: (1) the prejudice described by plaintiff consists, for the most part, of inconveniences and expenses consistent with normal trial preparation; and (2) the record is devoid of evidence of the extent of expenses incurred by plaintiff, and plaintiff might well have incurred the same expense during arbitration.

Judge Greene dissenting.

Appeal by defendant from order entered 11 August 1999 by Judge Henry W. Hight in Johnston County Superior Court. Heard in the Court of Appeals 19 September 2000.

*Hinton, Hewett & Wood, P.A., by Alan B. Hewett, for plaintiff-appellee.*

*McGuire, Woods, Battle & Boothe, L.L.P., by Fred M. Wood, Jr., and Melissa M. Kemmer, for defendant-appellant.*

EDMUNDS, Judge.

Defendant Young Moving and Storage, Inc., appeals the trial court's order denying its Motion to Compel Arbitration and Stay Litigation Proceeding Pending Arbitration. We reverse.

On 22 May 1998, plaintiff Kay Smith filed a claim alleging that defendant had lost personal property that she had stored under contract at defendant's facility. Defendant's answer denied liability but did not assert any affirmative defenses. On 4 March 1999, the trial court entered a Scheduling Order requiring that mediation be conducted on or before 22 May 1999 and that "[a]ll dispositive motions with specific grounds for . . . relief" be filed by 30 June 1999. In the same Order, the court calendared the case for trial on 16 August 1999.

Although a mediator was appointed by the trial court, the mediated settlement conference ended in an impasse. Thereafter, plaintiff served defendant with her First Set of Interrogatories and a Request for Production of Documents on 27 January 1999; defendant responded on 12 April 1999 and supplemented its answers on 8 June 1999. Defendant served upon plaintiff its First Set of Interrogatories and Requests for Production of Documents on 14 April 1999.

On 11 June 1999, plaintiff noticed the deposition of defendant's chief executive officer for 8 July 1999. However, defendant's original counsel withdrew on 12 June 1999, and new counsel filed notice of appearance on 24 June 1999. On 2 July 1999, through its new counsel, defendant filed a Motion for Leave to Amend Answer, a Motion to Compel Arbitration and Stay Litigation Proceeding Pending Arbitration, and a Motion for Continuance of Trial and Extension of the Discovery Scheduling Order. After hearing arguments of both parties, the trial court on 10 August 1999 denied all of defendant's motions, including his motion to compel arbitration. Defendant appeals.

Although an order denying arbitration is interlocutory, it is immediately appealable because it involves a substantial right. *See* N.C. Gen. Stat. § 1-277 (1999); *Sullivan v. Bright*, 129 N.C. App. 84, 86, 497 S.E.2d 118, 120 (1998). Accordingly, we shall address defendant's contentions. In our review, we are mindful that North Carolina has a strong public policy favoring resolution of disputes through arbitration. *See Johnston County v. R.N. Rouse & Co.*, 331 N.C. 88, 414 S.E.2d 30 (1992). " '[A]ny doubts concerning the scope of arbitrable

issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.' " *Cyclone Roofing Co. v. LaFave Co.*, 312 N.C. 224, 229, 321 S.E.2d 872, 876 (1984) (alteration in original) (*quoting Moses H. Cone Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25, 74 L. Ed. 2d 765, 785 (1983)).

**[1]** Plaintiff first argues that the trial court's order should be affirmed because defendant's motion for arbitration was filed after the deadline for filing dispositive motions set in the court's Scheduling Order. The North Carolina General Assembly has authorized our Supreme Court to promulgate rules of practice and procedure for the superior and district courts. *See* N.C. Gen. Stat. § 7A-34 (1999).

> Pursuant to this authority, our Supreme Court requires the Senior Resident Judge and Chief District Judge in each judicial district to "take appropriate actions [such as the promulgation of local rules] to insure prompt disposition of any pending motions or other matters necessary to move the cases toward a conclusion."

*Young v. Young*, 133 N.C. App. 332, 333, 515 S.E.2d 478, 479 (1999) (alteration in original) (quoting Gen. R. Pract. Super. and Dist. Ct. 2(d), 1999 Ann. R. N.C. 2). Such rules have been propounded in Judicial District 11B, where Local Rule 4 reads in pertinent part:

> a. In every case—without exception—Judge . . . shall enter a Scheduling Order in the same format as Exhibit A attached to this CMP.

Judicial District 11B, Johnston County Superior Court Local Rules, Rule 4(a). This rule also requires the trial court to set a deadline in the Scheduling Order for filing dispositive motions and provides the court discretionary authority to impose sanctions for violations of the Scheduling Order. *See id.*, Rule 4(b) & (e).

In the case at bar, the trial court on 3 March 1999 entered a Scheduling Order setting 30 June 1999 as the deadline for the filing of dispositive motions. Defendant through new counsel filed its motion to compel arbitration on 2 July 1999. In denying defendant's motion, the trial court concluded as a matter of law that "all motions filed by defendant are dispositive motions and are filed outside the period required by the Court's Scheduling Order." We review a trial court's conclusions of law *de novo. See Clark v. City of Asheboro*, 136 N.C. App. 114, 524 S.E.2d 46 (1999).

Our research has failed to find a definition of the term "dispositive motion" in any North Carolina case or statute, and we are reluctant now to attempt to concoct a definition to cover all contingencies. In the case at bar, defendant's motion for arbitration requested only that the litigation be stayed pending arbitration. This request was consistent with N.C. Gen. Stat. § 1-567.3(d) (1999), which states that any action subject to arbitration is stayed. In addition, our Supreme Court has observed that the trial court is not "ousted" of its jurisdiction by the application of an arbitration clause. *See Adams v. Nelsen,* 313 N.C. 442, 446 n.3, 329 S.E.2d 322, 324-25 n.3 (1985). Although the dissent correctly states that a confirmed arbitration award is conclusive of all rights and an absolute bar to subsequent action, other outcomes are possible. A party may apply to the court to modify or correct an award pursuant to N.C. Gen. Stat. § 1-567.14 (1999), or to vacate an award pursuant to N.C. Gen. Stat. § 1-567.13 (1999). In other words, although defendant's motion to arbitrate disposed of the issues in the case, it did not dispose of the case itself. Bearing in mind the strong state policy favoring arbitration, we conclude that defendant's motion seeking a stay of trial pending arbitration was not a "dispositive" motion precluded by the Scheduling Order.

**[2]** Plaintiff next argues that defendant waived arbitration by not pleading it as an affirmative defense pursuant to N.C. Gen. Stat. § 1A-1, Rule 8(c) (1999). However, our Supreme Court has held that the mere filing of pleadings does not manifest waiver of a contractual right to arbitrate. *See Cyclone Roofing Co.,* 312 N.C. 224, 321 S.E.2d 872 (suit filed 5 March 1980, answers and cross-claims filed 7 July 1980, 9 July 1980, and 14 July 1980; on 11 August 1980, allegation that dispute subject to mandatory arbitration made for first time in answer to cross-claim and third-party complaint; order requiring arbitration upheld). Consequently, defendant has not waived arbitration.

**[3]** In the alternative, plaintiff contends that she has been prejudiced by defendant's delay in seeking arbitration. Our Supreme Court has described the type of prejudice plaintiff must demonstrate in order to prevail.

A party may be prejudiced by his adversary's delay in seeking arbitration if (1) it is forced to bear the expense of a long trial, (2) it loses helpful evidence, (3) it takes steps in litigation to its detriment or expends significant amounts of money on the litigation, or (4) its opponent makes use of judicial discovery procedures not available in arbitration.

**SMITH v. YOUNG MOVING & STORAGE, INC.**

[141 N.C. App. 469 (2000)]

*Servomation Corp. v. Hickory Construction Co.*, 316 N.C. 543, 544, 342 S.E.2d 853, 854 (1986). The prejudice described by plaintiff in the case at bar consists, for the most part, of inconveniences and expenses consistent with normal trial preparation. As in *Servomation*, the record is devoid of evidence of the extent of expenses incurred by plaintiff.

> In any event, we are of the opinion that evidence of expenses related to defendant's interrogatories would have been irrelevant since plaintiff has failed to demonstrate that the judicial discovery procedures used by defendant, or their equivalent, would be unavailable in arbitration. Thus plaintiff might well have incurred the same expense during arbitration.

*Id.* at 545, 342 S.E.2d at 854-55.

Finally, plaintiff argues that the document before the court at the time of hearing did not contain the arbitration clause in issue. However, plaintiff did not raise this issue below, did not properly preserve the issue, and has failed to cross-assign error, as required by N.C. R. App. P. 10(d). Accordingly, we will not consider this issue.

Although we understand the trial court's apparent frustration at defendant's tardy filing of its motion to arbitrate, in light of the policy strongly favoring arbitration, we hold that the trial court erred in denying defendant's motion. This case is remanded to the trial court for entry of an order consistent with this opinion.

Reversed and remanded.

Judge MARTIN concurs.

Judge GREENE dissents.

Judge GREENE dissenting.

I disagree with the majority that defendant's motion to compel arbitration was not a "dispositive" motion. I, therefore, dissent.

The Johnston County Superior Court Local Rules (the Rules) require the trial court to set in its Scheduling Order a deadline for filing "dispositive motions." Judicial District 11B, Johnston County Superior Court Local Rules, Rule 4(a), (b). "The deadlines in the Scheduling Order may be modified only with the consent of all coun-

sel or by Order of [the trial court]." *Id.*, Rule 4(d). The trial court has the discretion to refuse to consider "dispositive" motions filed after the deadline set in the Scheduling Order. *Id.*, Rule 4(e). Because the Rules do not define "dispositive," this term must be given its plain meaning. *See Peacock v. Shinn*, 139 N.C. App. 487, 497-98, 533 S.E.2d 842, 849 (2000). The plain meaning of "dispositive" is: "Being a deciding factor; . . . bringing about a final determination." *Black's Law Dictionary* 484 (7th ed. 1999). A motion for arbitration is, therefore, a "dispositive" motion if arbitration of a claim results in a "final determination" of the claim.

The North Carolina Uniform Arbitration Act (the Act) provides "[u]pon application of a party, the court shall confirm an [arbitration] award, unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award." N.C.G.S. § 1-567.12 (1999); *see also* N.C.G.S. § 1-567.13 (1999) (setting out grounds for vacating arbitration award); N.C.G.S. § 1-567.14 (1999) (setting out grounds for modifying or correcting arbitration award). Additionally, the Act provides: "Upon the granting of an order confirming, modifying or correcting an [arbitration] award, judgment or decree shall be entered in conformity therewith and be docketed and enforced as any other judgment or decree." N.C.G.S. § 1-567.15 (1999). A confirmed arbitration award, therefore, "is conclusive of all rights, questions, and facts in issue, as to the parties and their privies, and as to them constitutes an absolute bar to a subsequent action arising out of the same cause of action or dispute." *Rodgers Builders v. McQueen*, 76 N.C. App. 16, 22, 331 S.E.2d 726, 730 (1985), *disc. review denied*, 315 N.C. 590, 341 S.E.2d 29 (1986). Accordingly, an order requiring parties to arbitrate a claim under the Act results in a "final determination" of the claim. It follows a motion to compel arbitration is a "dispositive" motion.[1]

In this case, defendant filed a motion to compel arbitration after the deadline in the trial court's Scheduling Order had passed. The trial court denied defendant's motion, concluding the motion was a "dispositive motion[] . . . filed outside the period required by the Court's Scheduling Order." I agree with the trial court that a motion to compel arbitration is a "dispositive" motion, and there is no

---

1. The fact that an arbitration award can, under limited circumstances, be vacated or modified does not detract from the dispositive nature of an arbitration award. Indeed, the North Carolina Rules of Civil Procedure set out procedures for seeking amendment to or relief from final judgments. N.C.G.S. § 1A-1, Rules 59, 60 (1999). Nevertheless, a judgment, unless it is interlocutory, is a "final determination of the rights of the parties." N.C.G.S. § 1A-1, Rule 54 (1999).

indication in the record that the trial court abused its discretion by denying defendant's motion on the ground the motion was filed after the deadline set in the Scheduling Order. I, therefore, would affirm the order of the trial court denying defendant's motion to compel arbitration.