CAPPS v. VIRREY

[184 N.C. App. 267 (2007)]

---

RICHARD HENRY CAPPS, PLAINTIFF v. DANIELE ELIZABETH VIRREY, JERRY NEIL LINKER AND NATIONWIDE MUTUAL INSURANCE COMPANY, DEFENDANTS

No. COA06-655

(Filed 19 June 2007)

**1. Appeal and Error— appealability—order denying arbitration—substantial right**

An order denying arbitration is interlocutory but appealable because it involves a substantial right which may be lost by delay.

**2. Arbitration and Mediation— arbitration—contractual right—waiver**

Arbitration is a contractual right which may be waived by the conduct of the party seeking enforcement.

**3. Arbitration and Mediation— arbitration—waiver—requests for discovery**

Plaintiff waived his right to compel arbitration (where the agreement was entered into before 1 January 2004 and the Uniform Arbitration Act applied) by making discovery requests which exceeded the scope of the Act. Parties agree to arbitrate to avoid the costs and delays associated with litigation, specifically discovery.

**4. Arbitration and Mediation— waiver—appearance at deposition**

Plaintiff did not waive his right to arbitration by participating in a deposition where the deposition was of plaintiff, was noticed by his insurer, and the terms of the policy required plaintiff to submit to examinations under oath.

Appeal by Plaintiff from order entered 14 February 2006 by Judge Richard Doughton in Guilford County Superior Court. Heard in the Court of Appeals 10 January 2007.

*Lewis & Daggett Attorneys at Law, P.A., by Marc P. Madonia, for Plaintiff-Appellant.*

*Teague, Rotenstreich & Standland LLP, by Paul A. Daniels, for Defendant-Appellee Nationwide Mutual Insurance Company.*

STEPHENS, Judge.

## I. FACTUAL AND PROCEDURAL BACKGROUND

By a complaint filed 2 August 2004, Plaintiff alleged that he suffered "severe and permanent injuries to his body" when, on 11 April 2002, a van owned by Defendant Linker ("Linker") and being driven by Defendant Virrey ("Virrey") failed to stop at a red light, striking a car operated by Julia Macleod Walker ("Walker") and causing Walker's car to collide with the car Plaintiff was operating.[1] Plaintiff alleged further that Virrey's negligent operation of the van was the proximate cause of the collision and of Plaintiff's injuries. Plaintiff sought compensatory damages from Virrey and Linker, and, to the extent that Virrey and Linker could not compensate Plaintiff for his injuries, he sought compensation from Defendant Nationwide Mutual Insurance Company ("Nationwide") pursuant to the uninsured motorist ("UM") coverage Nationwide provided him. On the same day that Plaintiff filed his complaint, he served requests for admissions on Virrey, Linker, and Nationwide.

On 9 August 2004, Plaintiff served his first set of interrogatories and requests for production of documents on Virrey, Linker, and Nationwide. Nationwide filed its answer to Plaintiff's complaint on 25 October 2004, by which it admitted that "certain acts" of Virrey proximately caused the accident, but denied the injuries alleged and damages sought by Plaintiff. On 25 January and 15 December 2005, Plaintiff served on Nationwide his second and third requests for production of documents. On 11 January 2006, Nationwide responded to Plaintiff's third request for production of documents and provided to Plaintiff a "full and complete copy of the automobile insurance policy

---

1. Plaintiff initially filed an insurance claim with North Carolina Farm Bureau Insurance Company ("Farm Bureau"), the company that reportedly provided automobile insurance for Linker. By letter dated 6 May 2002, Farm Bureau informed Plaintiff that it did not provide coverage for Linker's automobile, and thus, would not compensate Plaintiff for his injuries.

written by [Nationwide] providing uninsured motorist coverage for [Plaintiff], in effect as of April 11, 2002."

On 22 November 2005, Plaintiff and Nationwide participated in mediation regarding the extent of Nationwide's liability, but reached an impasse after only two hours.[2] By letter dated 9 December 2005, Plaintiff demanded "arbitration in accordance with the terms of Nationwide's policy" to settle the parties' dispute. Nationwide's attorney rejected Plaintiff's demand. On 17 January 2006, Plaintiff filed a motion to compel arbitration. On 14 February 2006, the Honorable Richard Doughton denied Plaintiff's motion. Plaintiff appeals.

## II. INTERLOCUTORY NATURE OF APPEAL

[1] As a preliminary matter, we note that Judge Doughton's order denying Plaintiff's motion to compel arbitration is interlocutory "because it does not determine all of the issues between the parties and directs some further proceeding preliminary to a final judgment." *See Martin v. Vance*, 133 N.C. App. 116, 119, 514 S.E.2d 306, 308 (1999) (citing *Futrelle v. Duke Univ.*, 127 N.C. App. 244, 488 S.E.2d 635, *disc. review denied*, 347 N.C. 398, 494 S.E.2d 412 (1997)). However, this Court has previously determined that an appeal from an order denying arbitration, "although interlocutory, is immediately appealable because it involves a substantial right which might be lost if appeal is delayed." *Prime South Homes, Inc. v. Byrd*, 102 N.C. App. 255, 258, 401 S.E.2d 822, 825 (1991) (citations omitted). Accordingly, we reach the merits of this appeal.

## III. STANDARD OF REVIEW

[2] Plaintiff brings forward two arguments on appeal. Specifically, Plaintiff contends that the trial court erred by concluding as a matter of law that Plaintiff waived his right to arbitration (1) by imposing substantial litigation costs on Nationwide and (2) by participating in discovery not available during arbitration.

Arbitration is a contractual right, and therefore, the right to arbitration may be waived by the conduct of the party seeking to enforce its right. *Miller Bldg. Corp. v. Coastline Assoc. Ltd. Partnership*, 105 N.C. App. 58, 411 S.E.2d 420 (1992). "Due to 'strong public policy in North Carolina favoring arbitration,' courts 'must closely scrutinize any allegation of waiver' of the right to arbitration." *O'Neal Constr.*,

2. Prior to filing his complaint, Plaintiff and Nationwide attempted to negotiate a settlement of their dispute. However, after a year of investigation and negotiation, the parties failed to reach a settlement.

*Inc. v. Leonard S. Gibbs Grading, Inc.*, 121 N.C. App. 577, 580, 468 S.E.2d 248, 250 (1996) (quoting *Cyclone Roofing Co. v. David M. LaFave Co.*, 312 N.C. 224, 229, 321 S.E.2d 872, 876 (1984) (citations omitted)). Therefore, doubts over whether a certain issue is appropriate for arbitration should be resolved in a manner which favors arbitration. *Smith v. Young Moving & Storage, Inc.*, 141 N.C. App. 469, 540 S.E.2d 383 (2000), *aff'd per curiam*, 353 N.C. 521, 546 S.E.2d 87 (2001). This is true " 'whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.' " *Cyclone Roofing*, 312 N.C. at 229, 321 S.E.2d at 876 (quoting *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25, 74 L. Ed. 2d 765, 785 (1983)).

In order to defeat an attempt to compel arbitration, the opposing party must demonstrate prejudice.

> Our Supreme Court has described the type of prejudice [a party] must demonstrate in order to prevail. "A party may be prejudiced by his adversary's delay in seeking arbitration if (1) it is forced to bear the expense of a long trial, (2) it loses helpful evidence, (3) it takes steps in litigation to its detriment or expends significant amounts of money on the litigation, or (4) its opponent makes use of judicial discovery procedures not available in arbitration."

*Smith*, 141 N.C. App. at 472-73, 540 S.E.2d at 386 (quoting *Servomation Corp. v. Hickory Constr. Co.*, 316 N.C. 543, 544, 342 S.E.2d 853, 854 (1986)).

> Waiver of a contractual right to arbitration is a question of fact. In this regard, findings of fact, when supported by any evidence, are conclusive on appeal. Conclusions of law, even if stated as factual conclusions, are reviewable. Nevertheless, when there is evidence in the record which supports the trial court's findings of fact, and those findings support its conclusions of law that a party has waived its right to compel arbitration, the decision must be affirmed.

*Moose v. Versailles Condo. Ass'n*, 171 N.C. App. 377, 382, 614 S.E.2d 418, 422 (2005) (internal quotations and citations omitted).

Because we agree with the trial court that Plaintiff waived his right to arbitration by participating in discovery not available during arbitration, we affirm the order of the trial court.

## IV. QUESTIONS PRESENTED

**[3]** Plaintiff argues the trial court erred in denying his motion to compel on the ground that Plaintiff waived his right to arbitration by engaging in discovery unavailable during arbitration.[3] Specifically, Plaintiff contends that the discovery procedures he utilized "were contemplated by and incorporated into the arbitration agreement between the parties." We disagree.

Nationwide's policy states:

Unless the insured and we agree otherwise, arbitration will take place in the county and state in which the insured lives. *Arbitration will be subject to the usual rules of procedure and evidence in such county and state.* The arbitrators will resolve the issues. A written decision on which two arbitrators agree will be binding on the insured and us.

(Emphasis added).

Prior to 1 January 2004, the Uniform Arbitration Act applied to all agreements to arbitrate unless (1) the arbitration agreement stipulated that the Uniform Arbitration Act would not apply or (2) the arbitration agreement was between employers and employees, or between their respective representatives, although employers and employees, or their representatives, may stipulate that the Act would apply.[4] N.C. Gen. Stat. § 1-567.2 (2001). In this case, the arbitration agreement was entered into before 1 January 2004; therefore, the Uniform Arbitration Act applies. *See Register v. White*, 358 N.C. 691, 599 S.E.2d 549 (2004) (recognizing that because the Uniform Arbitration Act was in effect at the time the parties entered into the contract, it was applicable to the case).

In *Palmer v. Duke Power Co.*, 129 N.C. App. 488, 491, 499 S.E.2d 801, 803 (1998), this Court recognized that "the North Carolina Rules of Civil Procedure do not apply to arbitrations, unless incorporated

3. In its brief to this Court, Nationwide argues that "Plaintiff's argument 2B" should be dismissed, pursuant to Rule 28(b)(6) of the North Carolina Rules of Appellate Procedure, for Plaintiff's failure to "cite any authority to support his argument." After reviewing Plaintiff's brief, we conclude that since there are sufficient "citations of the authorities" upon which Plaintiff relies in previous sections of Plaintiff's second argument, the brief adequately complies with Rule 28(b)(6). Accordingly, Defendant's argument is overruled.

4. The Uniform Arbitration Act was repealed effective 1 January 2004, and the Revised Uniform Arbitration Act was enacted. N.C. Gen. Stat. §§ 1-567.1 through 1-567.20; N.C. Gen. Stat. §§ 1-569.1 through 1-569.31.

into the arbitration agreement." The unambiguous language in the arbitration agreement at issue here states that "[a]rbitration will be subject to the usual rules of procedure and evidence" in the county and state where the insured lives and where the arbitration will take place. This language clearly refers to the rules and procedures set forth in the Uniform Arbitration Act, not the "usual rules" of civil procedure and evidence. The Uniform Arbitration Act contains its own rules for "discovery." N.C. Gen. Stat. § 1-567.8 (2001). This section provides binding rules and procedure for witnesses, subpoenas, and depositions in arbitration proceedings. *Id.* Although there is a "broad right to discovery" under the Rules of Civil Procedure, discovery in arbitration proceedings is "at the discretion of the arbitrator[.]" *Prime South Homes,* 102 N.C. App. at 260, 401 S.E.2d at 826 (citation omitted).

In his order denying Plaintiff's motion to compel arbitration, Judge Doughton found, *inter alia,* that Plaintiff served on Nationwide a set of interrogatories, a request for admissions, and three requests for production of documents. In his request for admissions, Plaintiff prompted Nationwide to admit certain facts regarding the automobile accident, to admit that the accident proximately caused Plaintiff's injuries, and to admit that Plaintiff was entitled to compensation in excess of $10,000.00. Additionally, in his interrogatories and requests for production of documents, Plaintiff requested, *inter alia,* information and documents regarding those with knowledge of the accident, photographic or video surveillance made of Plaintiff since the accident, all written and recorded statements obtained by Nationwide regarding the accident, and all reports generated as a result of the accident.

Arbitration is a process to privately adjudicate a final and binding settlement of disputed matters quickly and efficiently, without the costs and delays inherent in litigation. *WMS, Inc. v. Weaver,* 166 N.C. App. 352, 602 S.E.2d 706, *disc. review denied,* 359 N.C. 197, 608 S.E.2d 330 (2004). Parties agree to arbitrate in order to avoid the costs and delays associated with litigation, specifically the costs and delays inherently incurred in civil discovery. Applying the Rules of Civil Procedure and Evidence to arbitration negates the very purpose for agreeing to arbitrate. The procedural and evidentiary rules governing judicial proceedings do not apply to arbitrations absent plain and unambiguous language in the arbitration agreement that those rules apply. *Crutchley v. Crutchley,* 306 N.C. 518, 293 S.E.2d 793 (1982); *Pinnacle Group, Inc. v. Shrader,* 105 N.C. App. 168, 412

S.E.2d 117 (1992). It is clear that Plaintiff's discovery requests exceeded the scope allowed by the Uniform Arbitration Act. Plaintiff thereby waived his right to compel arbitration.

[4] In further support of his determination that Plaintiff had waived his right to arbitration, Judge Doughton found that "on or about January 7, 2005, without objection, the Plaintiff appeared for deposition noticed by Defendant Nationwide[.]" We do not agree with Nationwide's position that Plaintiff waived his right to arbitration by participating in this deposition. The deposition was of Plaintiff and was noticed by Nationwide. Under the terms of Plaintiff's insurance policy, he was required to "[s]ubmit as often as [Nationwide] reasonably require[d] to examinations under oath and subscribe the same." Had Plaintiff not participated in his deposition, Nationwide could have considered Plaintiff in breach of the contract and not provided coverage for Plaintiff's injuries. Therefore, Plaintiff was required to participate in this deposition, and his appearance for such deposition, in and of itself, is insufficient to constitute a waiver of his arbitration rights.

In sum, we hold that Judge Doughton did not err in concluding that Plaintiff waived his contractual right to arbitration by participating in judicial discovery not available during arbitration. Accordingly, Judge Doughton's order is affirmed. Because we hold that this conclusion is sufficient to affirm the trial court's order, we need not address Plaintiff's argument regarding litigation costs or Nationwide's cross-assignment of error.

For the reasons stated, the order of the trial court denying Plaintiff's motion to compel arbitration is affirmed.

AFFIRMED.

Judges TYSON and STROUD concur.